ENGINEERED HOUSING CONCEPTS, INC v WAYNE COUNTY

Docket No. 108359. Submitted April 12, 1989, at Detroit. Decided
June 28, 1989.

Plaintiff, Engineered Housing Concepts, Inc., intended to develop
land which it owned in Huron Township, Wayne County, as a
mobile home park. Plaintiff submitted preliminary plans to the
township, county and state agencies required, pursuant to
statute, to review the plans. The county, as a prerequisite to
approval of the plan, requested that plaintiff pave the public
road abutting the property and dedicate some of its property
for the eventual widening of the public road. When a construc-
tion permit was not issued due to the Wayne County Road
Commission's refusal to approve the preliminary plans without
such action by plaintiff, plaintiff brought a complaint for a writ
of mandamus in the Wayne Circuit Court against Wayne
County, the Wayne County Office of Public Services, and the
Wayne County Board of Road Commissioners. The trial court,
Henry J. Szymanski, J., granted defendants' motion for sum-
mary disposition and dismissed plaintiff's complaint. Plaintiff
appealed. The Mobile Home Commission, Corporation and Secu-
rities Bureau, Michigan Department of Commerce and the
Michigan Manufactured Housing Association were granted per-
mission to file amicus curiae briefs.

The Court of Appeals *held:*

1. The Mobile Home Commission Act does not provide defen-
dants any explicit or implicit authorization to condition issu-
ance of a permit in this case on the paving of a county road.
The trial court erred in ruling that defendants had statutory
authority to require improvement of the public road as a
prerequisite for approval of plaintiff's preliminary plan.

2. Defendants exceeded their authority in requiring the dedi-
cation of plaintiff's property for the eventual widening of the

REFERENCES

Am Jur 2d, Constitutional Law §§ 401, 408; Highways, Streets, and
Bridges §§ 86, 178.

See the Index to Annotations under Constitutional Law; Eminent
Domain; Highways and Streets; Maps and Plats; Mobile Homes,
Trailer Parks, and Tourist Camps; Subdivisions.

public road as a prerequisite for approval of plaintiff's preliminary plan.

Reversed.

1. COUNTIES — HIGHWAYS.

A county road commission has a broad, general duty to keep all county roads in reasonable repair so that they shall be reasonably safe and convenient for public travel; a county may not discharge its duty by imposing the costs of county road improvements on local developers, absent statutory authority (MCL 224.19-224.21; MSA 9.119-9.121).

2. WORDS AND PHRASES — INGRESS AND EGRESS ROAD — MOBILE HOME PARKS.

The Mobile Home Commission has defined an ingress and egress road as a road that connects a public road with the internal road system of a mobile home park; an ingress and egress road is not a public road (1979 AC, R 125.1901[i]).

3. HIGHWAYS — RIGHT OF WAY.

The statutory presumption of a sixty-six-foot right of way for a public road created by public user may be rebutted by a showing that the actual use of the road does not extend to the statutory width (MCL 224.11; MSA 9.111).

4. COUNTIES — HIGHWAYS — EMINENT DOMAIN.

A county must acquire private property by either purchase or condemnation when the taking of such property becomes necessary in the laying out, widening, changing, or straightening of a public road (MCL 224.11-224.12; MSA 9.111-9.112).

5. EMINENT DOMAIN — FUTURE CONDEMNATION.

A government may not use its police power to require a property owner to refrain indefinitely and without payment from using and enjoying his land because it has been set aside for possible future condemnation.

*Fried & Levitt, P.C.* (by *David M. Fried* and *Dennis Watson*), for plaintiff.

*Samuel A. Turner,* Corporation Counsel, and *Mary M. Nassar,* Assistant Corporation Counsel, for defendants.

Amici Curiae:

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Michael A. Lockman* and *Joseph M. Binno,* Assistant Attorneys General, for the Mobile Home Commission, Corporation and Securities Bureau, Michigan Department of Commerce.

*Dykema Gossett* (by *William J. Perrone* and *Cindy M. Wilder*), for the Michigan Manufactured Housing Association.

Before: GRIBBS, P.J., and MURPHY and NEFF, JJ.

PER CURIAM. This case involves the question whether defendants had authority to require that plaintiff pave the public road abutting plaintiff's property as a prerequisite to approval of plaintiff's preliminary plan for a mobile home park. Plaintiff appeals as of right from a Wayne Circuit Court order granting defendants' motion for summary disposition and dismissing plaintiff's complaint for a writ of mandamus. We reverse.

Plaintiff owns a thirty-five-acre parcel of land located at the southeast corner of South Huron Road and Clark Road in Huron Township, Wayne County. Plaintiff intended to develop this property as a mobile home park, a permissible use under the Huron Township zoning regulations. As required by the Mobile Home Commission Act, MCL 125.2301 *et seq.*; MSA 19.855(101) *et seq.*, plaintiff submitted preliminary plans to the township, county and state agencies required to review the plans.

On June 17, 1987, plaintiff received a letter from the Wayne County Office of Public Services requesting the following modifications:

> 1. Driveway geometrics are to be in conformance

with the Wayne County standard for boulevard approaches.

2. Clark Road is to be paved from the site driveway to another paved road as per Wayne County Standards and Procedures for Mobile Home Parks. An excerpt from the Standards is enclosed (fully explaining the requirements) along with a copy of acceptable pavement cross-sections.

3. The Wayne County Master Plan for road right-of-way requires an ultimate width of 120 feet for Clark and S. Huron Roads within the limits of the proposed site frontage. The proprietor will be requested or required to dedicate road right-of-way to the 60 foot line as part of this project. A final determination as to whether or not dedication is required cannot be made until the detailed engineering plans have been submitted for our review and approval. Please contact Mr. Al Naderi at 224-7807 if you have any questions regarding dedication of right-of-way.

Since the Wayne County Road Commission did not approve plaintiff's preliminary plans, no construction permit was issued.

Under the standards adopted by the Wayne County Road Commission, Clark Road was a "public access road" on plaintiff's plans, because it would provide "ingress and egress for the site of the mobile home park." According to those standards, plaintiff may pay for the paving itself, or "may elect to initiate such improvement by the special assessment method." As the lower court stated in its opinion: "In other words, the County of Wayne declines to assume the cost of paving Clark Road." Plaintiff alleged that defendants' modifications would require paving six thousand feet of public road at a cost in excess of $600,000.

Section 11(3) of the Mobile Home Commission Act provides for review of preliminary plans for mobile home parks:

(3) The county drain commissioner shall review and may approve outlet drainage. The county road commission shall review and may approve ingress and egress roads. The county road commission and the county drain commissioner shall adopt and publish standards to implement this subsection. The county road commission and the county drain commissioner shall not have authority as to interior streets and drainage in the mobile home park or seasonal mobile home park, unless the streets or drains are dedicated to the public. [MCL 125.2311; MSA 19.855(111).]

The lower court in this case noted that defendants had authority to regulate and approve ingress and egress roads under § 11, and implicitly ruled that Clark Road was an "ingress and egress road" within the meaning of the statute.

It is axiomatic that a county's authority is derived from and limited by the constitution and valid state statutes. *Arrowhead Development Co v Livingston Co Road Comm,* 413 Mich 505, 512; 322 NW2d 702 (1982); *Gray v Wayne Co,* 148 Mich App 247; 384 NW2d 141 (1986), lv den 426 Mich 872 (1986). The county road commission has a broad, general duty to keep all county roads in reasonable repair so that they shall be reasonably safe and convenient for public travel. MCL 224.19-224.21; MSA 9.119-9.121. The county may not discharge its duty by imposing the costs of county road improvements on local developers, absent statutory authority. *Arrowhead,* 413 Mich 512. Thus, defendants in this case may not condition their approval of plaintiff's preliminary plans on the paving of Clark Road unless Clark Road is an "ingress and egress road" within the meaning of the act.

While the act itself did not define the term "ingress and egress road," it delegated authority to

the Mobile Home Commission to promulgate rules and standards for road construction in mobile home parks. MCL 125.2305; MSA 19.855(105). The commission defined "ingress and egress road" as follows:

> "Ingress and egress road" means that road which connects a public road with the internal road system of a mobile home park. [1979 AC, R 125.1901(i).]

The construction given to a statute by those charged with the duty of executing it is always entitled to great deference and will not be overturned unless clearly wrong or another construction is plainly required. *Breuhan v Plymouth-Canton Community Schools,* 425 Mich 278, 282-283; 389 NW2d 85 (1986); *Magreta v Ambassador Steel Co,* 380 Mich 513; 158 NW2d 473 (1968); *ACCO Industries, Inc v Dep't of Treasury,* 134 Mich App 316, 322; 350 NW2d 874 (1984), lv den 421 Mich 857 (1985).

It is apparent from the Mobile Home Commission's definition that an "ingress and egress road" is not a public road. We do not believe this definition is clearly wrong or that another construction is plainly required. The Mobile Home Commission's definition is consistent with the legislative purpose of the Mobile Home Commission Act, with the road commission's affirmative duty to keep all county roads in reasonable repair, and with other statutory schemes relating to county roads. E.g. MCL 247.321 *et seq.;* MSA 9.140(21) *et seq.,* which grants authority to county road commissions to adopt rules regulating any "driveway, lane, road or any other way providing vehicular access to or from the highway from or to property adjoining the highway." The definition is also consistent with the statutory prohibition of local ordinances

designed to exclude mobile home parks. MCL 125.2307(3); MSA 19.855(107)(3).

We conclude that the Mobile Home Commission Act does not provide defendants any explicit or implicit authorization to condition issuance of a permit in this case on the paving of a county road. The trial court erred by ruling that defendants had statutory authority to require improvement of Clark Road as a prerequisite for approval of plaintiff's preliminary plan.

Plaintiff also challenges the requirement that it dedicate its property for the eventual widening of Clark Road as a prerequisite for approval of plaintiff's preliminary plan.

Although, as defendants contend, there is a statutory presumption of a sixty-six-foot right of way for a public road created by public user, this presumption may be rebutted by a showing that the actual use of the road does not extend to the statutory width. MCL 224.11; MSA 9.111. *Rigoni v Michigan Power Co,* 131 Mich App 336; 345 NW2d 918 (1984). When the taking of private property becomes necessary in the "laying out, widening, changing, or straightening of a road," the county must acquire that property by either purchase or condemnation. MCL 224.11-224.12; MSA 9.111-9.112.

We find that defendants exceeded their authority here. A city ordinance which required reservation of property for a proposed road right of way established by the city's master plan has been held by our Supreme Court to be unconstitutional on its face. *Gordon v City of Warren Planning & Urban Renewal Comm,* 388 Mich 82; 199 NW2d 465 (1972). A government may not use its police power to require a property owner to refrain indefinitely and without payment from using and enjoying his

land because it had been set aside for possible future condemnation. *Gordon,* 388 Mich 91-92.

Reversed.