RIOS v DEPARTMENT OF STATE POLICE

Docket No. 118267. Submitted January 23, 1991, at Lansing. Decided April 1, 1991, at 9:15 A.M.

The Department of State Police summarily revoked and refused to renew the private detective license of Gonzalo Rios, III, on the ground that he had been convicted in federal court of a felony for interstate travel in aid of racketeering. Rios filed a petition in the Ingham Circuit Court, seeking an order that a license be issued. The court, James R. Giddings, J., ordered the department to issue the license after finding that the Private Detective License Act, MCL 338.821 *et seq.*; MSA 18.184(1) *et seq.*, does not provide for revocation or denial of licenses on the basis of any felony conviction, but rather felony convictions involving dishonesty. The respondent appealed.

The Court of Appeals *held:*

The Private Detective License Act permits the state to refuse or revoke a license solely on the basis that a detective or applicant has been convicted of a felony or misdemeanor only if that felony or misdemeanor involves fraud or dishonesty or other proscribed activity stated under MCL 338.826(1)(f), 338.830(1)(c); MSA 18.184(6)(1)(f), 18.184(10)(1)(c) although any conviction may be considered in determining whether such person is of good moral character. Remand to the department is required for an evidentiary hearing to determine whether Rios' conviction involved dishonesty or fraud or other proscribed activity under the act or whether he is of good moral character.

Affirmed and remanded.

*Farhat, Story & Kraus, P.C.* (by *Richard C. Kraus* and *Timothy M. Perrone*), for the petitioner.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, and *Michael A. Lockman* and *William H. Schwan,* Assistant Attorneys General, for the respondent.

Before: BRENNAN, P.J., and GRIBBS and FITZGER-
ALD, JJ.

BRENNAN, P.J. Respondent Department of State
Police appeals as of right from a June 9, 1989,
order directing the State Police to issue petitioner
a private detective's license. We affirm in part and
remand for further proceedings consistent with
this opinion.

Petitioner was licensed as a private detective for
approximately ten years, in two-year terms, with
his most recent license expiring on January 25,
1989. Shortly before the license was to come up for
renewal, the department received information
from the Federal Bureau of Investigation indicat-
ing that petitioner had been convicted of a felony
for "interstate travel in aid of racketeering." After
receiving this information, Lieutenant James
Baird, commanding officer of respondent's Private
Security and Investigator Section, issued a notice
on December 20, 1988, of summary revocation of
petitioner's license because of his felony convic-
tion. He also advised petitioner that the depart-
ment would not renew his license upon its expira-
tion date of January 25, 1989. He further re-
quested return of petitioner's license, validation
certificate, and personal identification card. The
letter cited § 10(1)(c) of 1965 PA 285, the Private
Detective License Act (PDLA), MCL 338.830(1)(c);
MSA 18.184(10)(1)(c), stating that it is sufficient
reason to revoke a license if the licensee has been
convicted of a felony.

On January 23, 1989, petitioner presented Lieu-
tenant Baird with a partially completed applica-
tion for license renewal, the necessary bond fees, a
statement in explanation of his felony conviction,
and a statement that the prosecuting attorney of
Ingham County and the Chief of Police of the City

of Lansing refused to endorse his application on the basis of his felony conviction in federal court. Lieutenant Baird rejected the application because of the felony conviction. Subsequently, petitioner's attorney wrote Lieutenant Baird on February 1, 1989, resubmitting the renewal application with a request that the department reconsider it. Petitioner's counsel argued that because petitioner's 1987 felony conviction did not involve dishonesty or fraud or any other activity proscribed by the Private Detective License Act, his license should not be denied. Lieutenant Baird replied, restating his reason for the denial of licensure and indicating that petitioner had no further authority to operate as a private detective because his license had expired. This Court granted interlocutory appeal and remanded the case to the lower court for resolution of the merits of petitioner's statutory construction claim regarding the Private Detective License Act. The lower court, on remand, ruled that the Private Detective License Act does not provide for revocation or denial of licenses on the basis of *any* felony conviction, but rather felony convictions involving dishonesty.[1]

Section 10 of the Private Detective License Act, MCL 338.830; MSA 18.184(10), provides in part:

> (1) The secretary of state may revoke a license issued under this act if the secretary determines, upon good cause shown, that the licensee . . . has:
>
> * * *
>
> (c) Been convicted of a felony or misdemeanor

---

[1] It is not clear, but we presume that the trial court found that a license could be revoked on the basis of a felony conviction involving other proscribed activity stated in the act such as fraud, unauthorized divulging or selling of information or evidence, impersonation of a law enforcement officer or employee of the United States or a state, or a political subdivision of either, or illegally using, carrying, or possessing a dangerous weapon.

involving dishonesty or fraud, unauthorized divulg-
ing or selling of information or evidence, imper-
sonation of a law enforcement officer or employee
of the United States or a state, or a political
subdivision of either, of illegally using, carrying, or
possessing a dangerous weapon, or is not of good
moral character.

The same requirements appear in § 6(1)(c) and (f)
of the act, MCL 338.826(1)(c), (f); MSA 18.184(6)(1)
(c), (f), concerning qualifications of an applicant for
a license as a private detective or private investi-
gator.

Petitioner contends that the modifying clause
"involving dishonesty or fraud . . ." also modifies
the word felony and that his felony does not come
within that language. The Department of State
Police, on the other hand, maintains that merely
being convicted of a felony, without regard to any
modifying clause, is sufficient ground for denial of
an application or renewal of an application or
revocation of a private detective license.

It is not clear from reviewing the statute
whether the act encompasses all felonies or just
those involving dishonesty or fraud because of the
placement of the word "or." Where the disjunctive
"or" creates an ambiguity in a statute, the statute
should be construed to give effect to the general
purpose sought to be accomplished by the Legisla-
ture. *Nolan v Dep't of Licensing & Regulation,* 151
Mich App 641, 648; 391 NW2d 424 (1986). In
determining the intention of the Legislature, the
rules of statutory construction serve as guidance.
*Id.* An established principle of statutory construc-
tion is that a modifying clause is confined to the
last antecedent unless something in the subject
matter or dominant purpose requires a different
interpretation. *Nemzin v Sinai Hospital,* 143 Mich
App 798, 801; 372 NW2d 667 (1985). In the present

case, we find that the purpose of the statute requires a different interpretation.

The PDLA was amended pursuant to 1978 PA 311, HB 5731, to add the "good moral character" standard found in MCL 338.826(1)(c); MSA 18.184(6)(1)(c); MCL 338.830(1)(c); MSA 18.184(10)(1)(c). Numerous other licensing provisions were amended as well to add this standard to their application and revocation provisions. Before they were amended, the House Bills for these amendments were "tie-barred" to HB 5213 of the 1977 regular session, which became 1978 PA 294, now MCL 338.41 *et seq.*; MSA 18.1208(1) *et seq.*, or the licensing of former offenders act (LFOA), meaning they would not be effective if HB 5213 was not enacted. The stated purpose of the LFOA is

> to encourage and contribute to the rehabilitation of former offenders and to assist them in the assumption of the responsibilities of citizenship; to prescribe the use of the term "good moral character" or similar term as a requirement for an occupational or professional license or when used as a requirement to establish or operate an organization or facility regulated by this state; and to provide administrative and judicial procedures to contest licensing board or agency rulings thereon.

The legislative analysis of HB 5213 is enlightening. The House Legislative Analysis Section noted:

> Prisoners who have a marketable trade which they can practice when they leave prison are much more likely to make a successful reentry into society than those who do not. *In the past, however, a prison conviction itself has been used as the only reason to deny a person a professional license, even when there was no possible connection between the nature of the crime and the licensed profession. Recognizing that this thwarts the goal of rehabilitation, the legislature enacted Public Act 381 of 1974 [the LFOA] which prohibited*

*licensing boards from using a conviction as the
sole grounds for denying an application.* In the
same act, the legislature also defined "good moral
character", intending that this uniform definition
would be used by all state licensing boards, so that
the determination of good moral character could
not be an arbitrary one. A June 1975 opinion of
the attorney general, however, stated that the act
was constitutionally faulty because it attempted to
alter or amend the many separate licensing acts
without reenacting the appropriate sections. Thus,
in order to accomplish the primary purposes of
Public Act 381, these licensing statutes still need
to be amended individually. [House Legislative
Analysis, HB 5213, November 29, 1977. Emphasis
added.]

HB 5213 amended 1974 PA 381 to state that a
licensing board or agency could not use a judg-
ment of guilty in a criminal or civil prosecution as
the *sole* proof of an applicant's lack of good moral
character, although it could be considered in deter-
mining the applicant's good moral character. The
bill also clarified the use of criminal records in
connection with a license application.

It is well established that statutes relating to
the same subject matter should be read together
and construed to preserve the intent of each other.
*Gooden v Transamerica Ins Corp of America,* 166
Mich App 793, 804; 420 NW2d 877 (1988). We
believe, as the trial court apparently believed, that
the PDLA, like the LFOA to which it is tied, seeks to
remove barriers to the reintegration into society of
former offenders. The PDLA specifically refers to
the "good moral character" standard "as defined
. . . under . . . sections 338.41 to 338.47 of the
Michigan Compiled Laws [the LFOA]." MCL
338.822(a); MSA 18.184(2)(a). We therefore believe
that the "dishonesty or fraud" language as well as
the other proscribed activity stated in MCL
338.826(1)(f); MSA 18.184(6)(1)(f) and MCL

338.830(1)(c); MSA 18.184(10)(1)(c)[2] modifies both "felony" and "misdemeanor." Respondent contends that if we adopt the position urged by petitioner, then persons convicted of crimes such as criminal sexual conduct and murder may be eligible for a private detective's license, while those convicted of a fraudulent or dishonest crime such as forgery will not be eligible for a license. However, respondent's argument is without merit because a person convicted of such a crime would not be likely to meet the "good moral character" standard of the PDLA.

Accordingly, we find that the PDLA does not permit the state to refuse or revoke certification on the *sole* basis that a detective has been convicted of *any* felony, although the fact that a person has any felony conviction may be considered in determining whether that person is of good moral character. Rather, the PDLA permits the state to refuse or revoke certification on the sole basis that a detective or applicant has been convicted of a felony only if that felony involves fraud or dishonesty or other proscribed activity stated under §§ 6(1)(f) and 10(1)(c) of the act.[3] To hold otherwise would thwart the purpose of the LFOA, to which the PDLA is closely tied. We therefore affirm the trial court's interpretation of the statute, but find it necessary to remand to the Department of State Police for an evidentiary hearing to determine whether petitioner's conviction involved dis-

[2] Unauthorized divulging or selling of information or evidence, impersonation of a law enforcement officer or employee of the United States or a state, or a political subdivision of either, or illegally using, carrying, or possessing a dangerous weapon.

[3] See proscribed activity listed in footnote 2. Of course, the state may also refuse or revoke certification on the sole basis that a person has been convicted of a misdemeanor involving dishonesty or fraud or other stated proscribed activity under the act, or on the sole basis that a person is not of good moral character. See MCL 338.826(1)(c), (f); MSA 18.184(6)(1)(c), (f); MCL 338.830(1)(c); MSA 18.184(10)(1)(c).

honesty or fraud or other proscribed activity under the act or whether petitioner is not of good moral character.

Affirmed in part and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.