ETTINGER v CITY OF LANSING

Docket No. 163866. Submitted November 22, 1995, at Lansing. Decided February 13, 1996, at 9:05 A.M.

Mary Ettinger and Arthur Rinvelt brought an action in the Ingham Circuit Court against the City of Lansing after the defendant denied their requests for rezoning of their property from "A Residential" to "DM-1" and for a special-use permit for use of the property as a mobile-home park. A zoning ordinance of the defendant permitted individual mobile homes, but not mobile-home parks, in "A Residential" districts. The same ordinance permitted mobile-home parks only in "DM-1" districts and upon the grant of a special-use permit. The court, James R. Giddings, J., granted summary disposition for the defendant, rejecting the plaintiffs' claim that the exclusion of mobile-home parks from "A Residential" districts violated the Mobile Home Commission Act, MCL 125.2301 *et seq.*; MSA 19.855(101) *et seq.* The plaintiffs appealed.

The Court of Appeals *held:*

MCL 125.2307(3); MSA 19.855(107)(3) provides that a local government ordinance shall not be designed as exclusionary to mobile homes generally whether the mobile homes are located inside or outside mobile-home parks or seasonal mobile-home parks. Section 7(3) prohibits ordinances that generally exclude mobile homes, not those that generally exclude mobile-home parks. Section 7(3) does not prohibit ordinance provisions that merely limit or restrict the placement of mobile homes in particular regards. Because the ordinance at issue allowed mobile homes located in mobile-home parks in "DM-1" districts, it did not generally exclude mobile homes located in mobile-home parks.

Affirmed.

ZONING — MOBILE HOMES — ORDINANCES.

The Mobile Home Commission Act prohibits local ordinances that generally exclude mobile homes, but does not prohibit ordi-

REFERENCES

Am Jur 2d, Zoning §§ 101, 115, 252.

See ALR Index under Zoning.

nances that merely limit or restrict the placement of mobile homes in particular regards (MCL 125.2307[3]; MSA 19.855[107] [3]).

*Denise Arnold* and *Burt A. Bothell,* for the plaintiffs.

*Alvan P. Knot,* City Attorney, and *John M. Roberts, Jr.,* Senior Assistant City Attorney, for the defendant.

Before: MARKMAN, P.J., and CORRIGAN and J. D. PAYANT,* JJ.

MARKMAN, P.J. Plaintiffs appeal as of right a March 29, 1993, order granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(8). We affirm.

This action arises out of plaintiffs' attempts to develop a mobile-home park[1] on their property. The property at issue consisted of 64.64 acres in a district zoned "A Residential." The applicable city zoning ordinance permitted individual mobile homes in "A Residential" districts but excluded mobile-home parks from such districts. The ordinance permitted mobile-home parks only in districts zoned "DM-1" and upon the grant of a special-use permit. Plaintiffs requested rezoning of their property to "DM-1" and sought a special-use permit. Defendant denied these requests. Plaintiffs then filed the present action. In their complaint, plaintiffs alleged that they had prepared a revised site plan for their mobile-home park that met all

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] MCL 125.2302(i); MSA 19.855(102)(i) defines "[m]obile home park" as "a parcel or tract of land under the control of a person upon which 3 or more mobile homes are located on a continual, nonrecreational basis and which is offered to the public for that purpose regardless of whether a charge is made therefor, together with any building, structure, enclosure, street, equipment, or facility used or intended for use incident to the occupancy of a mobile home."

the "A Residential" district requirements (e.g., lot area, number of dwellings per lot) but did not present it to defendant because they contended it would have been futile. They claimed that the zoning ordinance violated the Mobile Home Commission Act (MHCA), MCL 125.2301 *et seq.*; MSA 19.855(101) *et seq.*, because it did not permit development of a mobile-home park in an "A Residential" district even when the site plan satisfied all the "A Residential" district requirements. Defendant moved for summary disposition pursuant to MCR 2.116(C)(8). The trial court granted this motion on the basis that the ordinance's exclusion of mobile-home parks from a particular zoning district did not violate the MHCA.

The specific issue on appeal is whether the zoning ordinance provision that excluded mobile-home parks in "A Residential" districts violates MCL 125.2307(3); MSA 19.855(107)(3), which states:

A local government ordinance shall not be designed as exclusionary to mobile homes generally whether the mobile homes are located inside or outside of mobile home parks or seasonal mobile home parks.

Plaintiffs contend that defendant's zoning ordinance violates this statute because it excludes mobile-home parks from districts zoned "A Residential." They read the statute as prohibiting zoning ordinance provisions that exclude mobile-home parks from a zoning district. They rely on legislative history to support their reading of the statute. The MHCA was previously enacted as 1976 PA 419. The original version of the provision at issue stated in pertinent part:

An ordinance may not be designed as exclusion-

ary to mobile homes generally. [MCL 125.1107(2); MSA 19.855(7)(2).]

Plaintiffs argue that the addition of the phrase "whether the mobile homes are located inside or outside of mobile home parks" to this provision indicates that its present version prohibits zoning ordinance provisions that "generally" exclude mobile homes located in mobile-home parks. They contend that the city ordinance's exclusion of mobile-home parks from "A Residential" districts constitutes a general exclusion of mobile homes located in mobile-home parks. They therefore conclude that the ordinance at issue violates the MHCA.

Defendant contends that the ordinance did not violate MCL 125.2307(3); MSA 19.855(107)(3). It reads § 7(3) as prohibiting ordinances that "generally" exclude mobile homes. It argues that the ordinance at issue did not generally exclude mobile homes; it only excluded mobile-home parks from a particular zoning district. Thus, defendant concludes that the trial court correctly found that the ordinance did not violate the MHCA as a matter of law.

"[T]he starting point in every case involving construction of a statute is the language itself." *House Speaker v State Administrative Bd,* 441 Mich 547, 567; 495 NW2d 539 (1993). Here, consideration of the language of MCL 125.2307(3); MSA 19.855(107)(3) indicates an arguable ambiguity with respect to what limitations it places on zoning ordinances. Plaintiffs contend that the ordinance provision excluding mobile-home parks from a particular zoning district violates § 7(3) while defendant contends that it does not. Their different conclusions turn on their interpretations of the term "generally" in § 7(3).

We must first determine the object of the modifier "generally." Usually, a modifying clause relates only to the last antecedent. *Rios v Dep't of State Police,* 188 Mich App 166, 169; 469 NW2d 71 (1991). Application of this rule indicates that the word "generally" in § 7(3) modifies "mobile homes." Accordingly, we read § 7(3) to prohibit ordinances that generally exclude mobile homes, not those that generally exclude mobile-home parks.[2]

We note that plaintiffs correctly state the general proposition that changes in statutory language presumably reflect a change in meaning. *Wortelboer v Benzie Co,* 212 Mich App 208, 217; 537 NW2d 603 (1995). However, changes in statutory language may reflect an attempt to clarify the meaning of a provision rather than change it. *Id.*; see also *Evans v Hebert,* 203 Mich App 392, 403; 513 NW2d 164 (1994). Here, applying the rule that a modifier relates only to the last antecedent, *Rios, supra,* we find that both the original and amended versions of the provision prohibit zoning ordinances designed to exclude mobile homes generally. The language added in the amended version more specifically describes the term "mobile home" to include both individual mobile homes and those in mobile-home parks. Therefore, we find that the amendment clarified the term "mobile home" but did not change the object of the modifier "generally" to mobile-home parks. Plaintiffs have shown no contrary legislative history.

[2] We recognize that our reading of the statute differs from that set forth in *Engineered Housing Concepts, Inc v Wayne Co,* 180 Mich App 465, 470-471; 447 NW2d 777 (1989), which mentions "the statutory prohibition of local ordinances designed to exclude mobile home parks. MCL 125.2307(3); MSA 19.855(107)(3)." The *Engineered Housing* Court's gloss on § 7(3) is dicta occurring in the course of discussion on entirely different aspects of the MHCA and is plainly inconsistent with the rule that a modifier relates only to the last antecedent.

Next, we must determine what the modifier "generally" means. "Courts are to accord statutory words their ordinary and generally accepted meaning." *Turner v Auto Club Ins Ass'n,* 448 Mich 22, 27; 528 NW2d 681 (1995). "Generally" means "in general" and "extensively, though not universally." *Webster's Twentieth Century Dictionary, Unabridged Second Edition* (1983). Accordingly, we conclude that § 7(3) prohibits zoning ordinance provisions that "generally" exclude mobile homes. Section 7(3) does not prohibit ordinance provisions that merely limit or restrict the placement of mobile homes in particular regards.

The zoning ordinance at issue allowed individual mobile homes in "A Residential" districts but excluded mobile-home parks from such districts. Thus, it excluded mobile homes located in mobile-home parks from "A Residential" districts. But the ordinance allowed mobile homes located in mobile-home parks in "DM-1" districts with a special use permit. Because the ordinance established districts in which mobile-home parks could be maintained, it did not "generally" exclude mobile homes located in mobile-home parks.[3] Accordingly, the ordinance did not violate the MHCA.[4]

Because the ordinance did not violate the MHCA as a matter of law, the trial court appropriately granted defendant summary disposition pursuant to MCR 2.116(C)(8). We therefore affirm the order

[3] We note that plaintiffs' first amended complaint contained no allegations that defendant's application of the ordinance "generally" excluded mobile homes located in mobile-home parks.

[4] In addition, we note that § 1(1) of the city or village zoning act empowers cities to regulate and restrict land use for various listed purposes including "to insure that uses of the land shall be situated in appropriate locations and relationships." MCL 125.581(1); MSA 5.2931(1). Pursuant to this provision, defendant could exclude specific uses, such as mobile-home parks, from particular zoning districts.

granting defendant's motion for summary disposition.

Affirmed.