POLKTON CHARTER TOWNSHIP v PELLEGROM

Docket No. 248935. Submitted November 16, 2004, at Grand Rapids.
Decided February 3, 2005, at 9:00 a.m.

Polkton Charter Township brought an action in the Ottawa Circuit
Court against Rick Pellegrom, seeking injunctive relief against the
defendant's removal of soil from his property to form a pond
without a permit and in alleged violation of the township zoning
ordinance. The defendant counterclaimed that the plaintiff's Zon-
ing Board of Appeals (ZBA), in its denial of a special land use
permit; failed to state reasons supporting its decision. The court,
Edward R. Post, J., entered an order reflecting the parties'
stipulation for a ZBA hearing to create a record. The ZBA held
another hearing and again refused the permit. The court, as an
appellate court reviewing the ZBA decision, on a motion for
summary disposition, determined that the ZBA denial of the
defendant's request for a special use permit was not support by
competent, material, and substantial evidence, because the defen-
dant's proposal met the standards required in § 4.26 of the
township's zoning ordinance, and ordered the issuance of the
special use permit. The plaintiff appealed.

The Court of Appeals *held*:

1. The plaintiff claimed that the circuit court did not have
subject-matter jurisdiction to hear an appeal from the denial by
the ZBA of the defendant's request for a special land use permit
and that the defendant could only seek removal of the ZBA
decision by filing an action for superintending control. Jurisdic-
tional defects may be raised at any time, even on appeal. The
Township Zoning Act, MCL 125.271 *et seq.*, specifically states at
MCL 125.293(1) that appeal to the circuit court is appropriate for
anyone having an interest affected by a township zoning ordi-
nance. The Legislature plainly provided that the defendant, who
was adversely affected by the zoning ordinance, may appeal the
adverse ZBA decision to the circuit court.

2. The plaintiff raised several issues on appeal that it had not
raised in the circuit court. It claimed that the ZBA is allowed
discretionary special land use criteria, and that discretion allowed

the denial of the permit. The plaintiff argued that the trial court used case law that had been overruled by later statutes. It also claimed that the trial court improperly shifted the burden of proof to the ZBA to show that defendant had not satisfied the specific criteria required for the special land use permit. These issues were not properly preserved in the lower court and manifest injustice would not result if the Court of Appeals did not address them. Therefore, they will not be addressed.

Affirmed.

1. ZONING — TOWNSHIPS — APPEAL.

A person adversely affected by a township zoning ordinance may appeal an adverse decision of the township's zoning board of appeals to the circuit court (MCL 125.293[1]).

2. APPEAL — UNPRESERVED ISSUES — MANIFEST INJUSTICE.

An issue not preserved for appeal will not be addressed on appeal unless manifest injustice would result from the failure to consider the issue.

*Mika Meyers Beckett & Jones PLC* (by *Ross A. Leisman* and *Ronald M. Redick*) for the plaintiff.

*Charron & Hanisch, P.L.C.* (by *David W. Charron*), for the defendant.

Before: WHITBECK, C.J., JANSEN and BANDSTRA, JJ.

JANSEN, J. Plaintiff/counterdefendant Polkton Charter Township appeals by leave granted a circuit court opinion and order reversing a Polkton Charter Township Zoning Board of Appeals (ZBA) decision and requiring that the ZBA issue defendant/counterplaintiff Rick Pellegrom a special permit to create an outdoor pond. On appeal, plaintiff argues that the circuit court ignored the plain language of the zoning ordinance, relied on case law that has been statutorily overruled, did not have subject-matter jurisdiction, and improperly shifted the burden of proof to the ZBA. We affirm.

I

Defendant owns approximately 31.18 acres of land in Polkton Township. About April 29, 2002, defendant filed an application for a special land use permit with the ZBA for the purposes of extracting soil from the property to build a pond and developing walkout waterfront lots. In a land division application, defendant proposed a division for new residential parcels. On June 18, 2002, plaintiff filed a complaint with the circuit court alleging that (1) defendant was establishing a planned unit development without receiving permits, (2) defendant continued to work after a stop-work order was issued and posted, and (3) defendant removed soil and created a pond without a permit. On July 9, 2002, the ZBA denied defendant's application for a special use permit to build the pond and to extract the soil. On August 7, 2002, defendant filed a counterclaim alleging that plaintiff violated the Michigan Land Division Act, MCL 560.101 *et seq.*, because it failed to give written notice of the reasons why three parcels were not approved for division, and defendant claimed an appeal from the ZBA decision because the ZBA denied defendant's application for a special land use permit without explanation. The parties stipulated that the case, as it relates to the ZBA decision, would be remanded for a hearing to create a record and so the ZBA could give its reasons for denying defendant's request. The circuit court entered an order reflecting the parties' stipulation.

The hearing on remand was conducted before the ZBA to make a record with regard to whether defendant should be granted a permit to create an outdoor pond on his property pursuant to Polkton Charter Township Zoning Ordinance § 4.26[1] and could remove soil from

---

[1] Section 4.26 of the Polkton Charter Township Zoning Ordinance provides:

the property under § 4.27. Upon being questioned by
ZBA members, defendant stated that he bought the

---

A. No outdoor pond shall be constructed, erected, installed,
located or maintained unless it has first been authorized by the
Board of Appeals as a special use. In considering such authoriza-
tion, the Board of Appeals shall consider the following standards:

1. The location of the outdoor pond and particularly its prox-
imity to adjoining properties.

2. The purpose(s) of the outdoor pond.

3. The character, nature and size of the outdoor pond.

4. Any potential of the outdoor pond to result in stagnant
water or other such difficulties or problems.

5. The effect of the outdoor pond on adjoining properties and
the surrounding neighborhood.

B. If the Board of Appeals shall determine, as part of its
proceedings for the authorization of an outdoor pond, that the
protection and safety of the general public requires that the pond
be enclosed, then the pond shall be enclosed by a fence or wall
constructed and erected to such specifications as shall be estab-
lished by the Board of Appeals.

C. No outdoor pond shall be used unless adequate public health
measures are periodically taken to insure that the existence and/or
use thereof will not cause or spread a disease or otherwise provide
conditions dangerous to the public health.

D. The discharge pipe leading from any outdoor pond shall not
exceed two (2) inches in diameter and shall be composed of
galvanized iron or such other standard and durable material as
may be approved by the Zoning Inspector. No outdoor pond shall
be wholly or partially emptied in any manner that will cause water
to flow upon other property. No outdoor pond shall discharge into
any public sanitary sewer. If a storm drain is readily accessible to
the lot on which the outdoor pond is located, then the outdoor
pond shall be emptied in such a manner as to utilize such storm
drain.

E. The slope to the banks or sides of an outdoor pond shall in
no event exceed a minimum of three (3) feet horizontal to one (1)

property with the intention of putting a pond on it because he enjoyed ponds, wanted to sell 26,000 yards of the soil, wanted to create walkout lots for when the planned unit development was approved, and that the pond added beauty to the property. Defendant also stated that he would surround the proposed pond area with a four-foot high galvanized fence. Several ZBA members raised the concern that there might be a problem with stagnant water, § 4.26(A)(4), which could be a public health hazard under § 4.26(C). Defendant indicated there would be an aeration device so that the water would not be stagnant and become a breeding ground for nuisance insects (which the ZBA members seemed to agree would cure or prevent stagnation problems). A motion was read to approve defendant's request for special use of the land pursuant to § 4.26. ZBA member Robert Van Dongen indicated that he believed that defendant's real motivation was to sell the soil. ZBA member Ronald Reiffer stated that defendant had a bad track record, started without a permit, and continued after the stop work order, and that he thought defendant just wanted to sell the soil. ZBA member William Courtade stated that the permit should be denied under § 4.26(A) and (B) because of the potential for stagnant water. ZBA member Dan Ven Roy stated that he agreed with the ZBA, in particular ZBA member Reiffer, and believed that the true purpose of defendant's request was to sell the soil. ZBA Chairman John Steenstra also indicated that his decision was made because he thought defendant only wanted to sell the soil. The entire ZBA voted against granting the permit.

foot vertical. This slope must be maintained and extended into the water to a depth of three (3) feet.

F. No outdoor pond shall be construed, erected, installed, maintained or located that will cause or contribute to the erosion of any adjoining property.

On March 5, 2003, defendant filed a motion for summary disposition on plaintiff's complaint and on his counterclaim asking that the trial court (1) reverse the denial of the land division application and declare that defendant's property qualifies for the division under the Land Division Act[2] and (2) reverse the denial of defendant's request for a special land use permit for the purpose of erecting a pond on his property and removing a portion of the soil because the ZBA denial was not justified.

A hearing was conducted on defendant's motion, and defendant argued that the ZBA review was a popularity contest, and he was not liked because he began work before obtaining a permit, so the ZBA put obstacles in his way. Plaintiff only responded that the ZBA decision was supported by substantial, material, and competent evidence on the record. The circuit court entered an opinion and order, in which it found that the decision of the ZBA denying the special use permit was not supported by competent, material, and substantial evidence on the record and constituted a "questionably reasonable exercise of discretion granted by law to the zoning board of appeals." The circuit court reviewed the ZBA's decision pursuant to MCL 125.293a, and, specifically, found that (1) defendant's proposal complied with the location standards and was not close to adjacent properties (§ 4.26[A]); (2) the ZBA members' opinion was that defendant only wanted the pond for the soil, but no evidence was offered to support this opinion and nothing supported the notion that selling the soil would be unlawful or improper, thus, defendant's proposal

---

[2] The parties came to an agreement with regard to the land division, and the circuit court entered a judgment that allowed defendant to subdivide his parcel into seven parcels as he originally requested permission to do. This left only the permit denial claim remaining.

complied with the purposes standard and the ZBA's speculation was not supported by competent, material, or substantial evidence (§ 4.26[A]); (3) defendant's proposal complied with the character, nature, and size standards (§ 4.26[A] and [E]); (4) defendant's proposal included an aeration device, and the ZBA appeared to concede this would alleviate the concerns about stagnant water, thus, defendant's proposal complied with this standard (§ 4.26[A] and [C]); (5) no evidence was presented that defendant's pond would adversely affect the wells of adjoining property, thus, defendant's proposal was consistent with the standard (§ 4.26[A] and [F]), (6) it was not unreasonable for the ZBA to determine that the protection and safety of the neighbors and general public required that the pond be enclosed by a fence (§ 4.26[B]); (7) no evidence was presented to show that the pond would constitute a public health hazard, thus, defendant's proposal was not inconsistent with this standard (§ 4.26[C]), and (8) defendant's proposal complied with the discharge pipe, slope, and erosion standards (§ 4.26[D]).

The circuit court further opined that (1) there appeared to be an attitude or predisposition to reach a particular decision and an inability to exercise objective reasoning by the ZBA, (2) ZBA members applied an improper criterion in considering whether to grant the permit, and (3) at least three ZBA members based their decision on defendant's bad track record, rather than giving defendant full and fair consideration. For the above reasons, the circuit court reversed the ZBA decision and ordered the ZBA to issue defendant a special permit to create an outdoor pond and allow him to remove soil from the premises as long as he complied with his plan specifications, included an aeration device, and enclosed the pond with a chain link fence that is not less than four feet high.

II

Plaintiff's first issue on appeal is that the circuit court ignored the plain language of the zoning ordinance by failing to apply the discretionary general criteria for the evaluation of all special land uses. We find that plaintiff has failed to properly preserve this issue.

Plaintiff argues that the circuit court erred when it failed to consider whether the discretionary special land use criteria found in Polkton Charter Township Zoning Ordinance § 21.05(A) had been satisfied by defendant. What plaintiff neglects to point out, however, is that the ZBA did not consider these criteria when deciding whether to grant the application for the pond permit. Instead, it limited its decision-making process to consideration of the criteria found in § 4.26 of plaintiff's ordinance, which specifically sets forth the criteria for granting a special use permit for pond excavation, as directed by plaintiff's counsel at the hearing on remand. Plaintiff did not argue before the ZBA or the circuit court that either the ZBA or the circuit court was required to consider the criteria found in § 21.05(A).

Generally, an issue is not properly preserved if it is not raised before, addressed, or decided by the circuit court or administrative tribunal. See *Town & Country Dodge v Dep't of Treasury*, 420 Mich 226, 228 n 1; 362 NW2d 618 (1984); *Brown v Loveman*, 260 Mich App 576, 599; 680 NW2d 432 (2004); *Alford v Pollution Control Industries of America*, 222 Mich App 693, 699; 565 NW2d 9 (1997). We need not address issues first raised on appeal. *Booth Newspapers, Inc v Univ of Michigan Bd of Regents*, 444 Mich 211, 234; 507 NW2d 422 (1993); *Higgins Lake Prop Owners Ass'n v Gerrish Twp*, 255 Mich App 83, 117; 662 NW2d 387 (2003). But this Court may disregard the issue preser-

vation requirements and review may be granted if failure to consider the issue would result in manifest injustice. *Herald Co, Inc v Kalamazoo*, 229 Mich App 376, 390; 581 NW2d 295 (1998).

Manifest injustice would not result by declining to address this issue and further facts would be necessary to address the claim; thus, we decline to address this issue first raised on appeal. To hold otherwise would contravene the longstanding rule against a party "harboring error as an appellate parachute." *Marshall Lasser, PC v George*, 252 Mich App 104, 109; 651 NW2d 158 (2002). Plaintiff's actions and omissions essentially constitute a "sandbagging" of the circuit court to create a potential appellate parachute to be used against an unfavorable ruling by the circuit court. Under such circumstances, we deem plaintiff to have abandoned this claim of error on appeal.

III

Plaintiff's second issue on appeal is that the trial court analyzed the ZBA's decision using case law that has been statutorily overruled. We decline to address this issue for the reasons stated in part II.

The circuit court cited *Room & Board Homes v Mayor of Detroit*, 67 Mich App 381; 241 NW2d 216 (1976), for the general proposition that when a landowner qualifies under enumerated circumstances for a special use permit, the permit must be issued to the landowner. Plaintiff is arguing that *Room & Board* was overruled by amendments set forth in MCL 125.286b and MCL 125.286d, which authorize townships to adopt discretionary general criteria to determine whether a special land use is allowed. The circuit court's review and use of *Room & Board* in no way is contrary to MCL 125.286b

or MCL 125.286d, because the court was only presented argument with regard to specific land use criteria provided in § 4.26 and § 4.27 of plaintiff's zoning ordinance; it was not presented argument with regard to § 21.05, the discretionary provision. MCL 125.286b and MCL 125.286d allow discretionary criteria to be used, but do not contradict a holding that when specific criteria are used and met, the special use permit must be issued as was the case in *Room & Board.*

Plaintiff argues that § 21.05(A) of its zoning ordinances was adopted in reliance on MCL 125.286b and MCL 125.286d, providing general discretionary criteria for review. However, as discussed, plaintiff did not raise this issue before the trial court or before the administrative tribunal. This is basically the same issue we have already addressed because plaintiff wants this Court to review the circuit court's decision using § 21.05. We decline to address this issue. As noted, to hold otherwise would contravene the longstanding rule against a party harboring error as an appellate parachute. *Marshall Lasser, PC, supra* at 109. Under the circumstances, plaintiff has abandoned this claim of error on appeal.

IV

Plaintiff's third issue on appeal is that the circuit court did not have subject-matter jurisdiction to hear an appeal from the ZBA's denial of defendant's request for a special land use permit. We disagree.

A. PRESERVATION

Although plaintiff did not raise this issue below, jurisdictional defects may be raised at any time, even if raised for the first time on appeal. *Lehman v Lehman,*

312 Mich 102, 105; 19 NW2d 502 (1945); *Smith v Smith*, 218 Mich App 727, 729-730; 555 NW2d 271 (1996). To the extent the circuit court had subject-matter jurisdiction, the remainder of plaintiff's claims need not be addressed because they are issues first raised on appeal. *Booth Newspapers, Inc, supra* at 234; *Higgins Lake Prop Owners Ass'n, supra* at 117.

### B. STANDARD OF REVIEW

Proper review of this issue requires that we interpret a statute and determine whether the circuit court had subject-matter jurisdiction. Both subject-matter jurisdiction and statutory interpretation issues raise questions of law that are considered de novo on appeal. *Eggleston v Bio-Medical Applications of Detroit, Inc,* 468 Mich 29, 32; 658 NW2d 139 (2003); *Smith, supra* at 729.

### C. SUBJECT-MATTER JURISDICTION

Plaintiff argues that the circuit court lacked subject-matter jurisdiction to review defendant's appeal of the ZBA decision. Plaintiff further asserts that defendant could only seek review of the ZBA's decision by filing an action for superintending control. We reject these arguments.

Defendant applied for a special land use permit to build an outdoor pond and to remove soil from his property. The ZBA denied his request during a public meeting, and, subsequently, the parties agreed to a remand for a hearing to provide a record.[3] The ZBA

---

[3] We note that the ZBA's original denial would have been considered invalid as a matter of law. MCL 125.286b(4) provides: "The body or official designated in the zoning ordinance to review and approve special land uses may deny, approve, or approve with conditions, a request for

denied defendant's request again. Defendant filed a motion for summary disposition on plaintiff's complaint and his counterclaim. The circuit court treated the motion for summary disposition as a claim of appeal from the ZBA decision pursuant to MCL 125.293a of the Township Zoning Act (TZA),[4] which provides appeals to the circuit court for persons having an interest affected by a zoning ordinance.[5] The circuit court reversed the decision of the ZBA and required that the ZBA issue defendant a special land use permit to create an outdoor pond and allow him to remove soil from the premises.

Plaintiff challenges the validity of *Carleton Sportsman's Club v Exeter Twp*, 217 Mich App 195, 200; 550 NW2d 867 (1996), but the present case involves an appeal from a zoning board of appeals, not a township board, as in *Carleton Sportsman's Club*. In *Carleton Sportsman's Club*, this Court held that

> where a zoning ordinance does not provide an aggrieved party the right to have an unfavorable decision of a township board regarding a request for special land-use permit reviewed by a zoning board of appeals, appellate review is available to the aggrieved party in the circuit

---

special land use approval. The decision on a special land use shall be incorporated in a statement containing the conclusions relative to the special land use under consideration which specifies the basis for the decision, and any conditions imposed." The initial decision did not specify the basis for the ZBA's determination.

[4] "The Township Zoning Act (TZA), MCL 125.271 *et seq.*, is the enabling statute that vests a township with the authority to regulate land development and use through the adoption of zoning ordinances that promote the public health, safety, and general welfare." *Silver Creek Twp v Corso*, 246 Mich App 94, 97; 631 NW2d 346 (2001).

[5] " 'It should be noted that a claim of appeal from a [zoning board of appeals] decision is not properly decided using the standards for a motion for summary disposition.' " *Shepherd Montessori Ctr Milan v Ann Arbor Charter Twp*, 259 Mich App 315, 338; 675 NW2d 271 (2003), quoting the trial court.

court, which must follow the review method prescribed in Const 1963, art 6, § 28. [*Id.* at 203.]

The plaintiff in *Carleton Sportsman's Club* was seeking review of a township board decision denying a special land use permit because the local ordinance did not provide for an appeal to the zoning board of appeals under MCL 125.290.[6] It is unnecessary to review the validity of *Carleton Sportsman's Club* because we find that MCL 125.293a allows for circuit court appeals from a ZBA denial of a special land use permit.

The judicial appeal provision of the TZA, MCL 125.293a(1), provides:

> *The decision of the board of appeals rendered pursuant to section 23 shall be final. However, a person having an interest affected by the zoning ordinance may appeal to the circuit court.* Upon appeal the circuit court shall review the record and decision of the board of appeals to insure that the decision:
>
> (a) Complies with the constitution and laws of the state.
>
> (b) Is based upon proper procedure.
>
> (c) Is supported by competent, material, and substantial evidence on the record.
>
> (d) Represents the reasonable exercise of discretion granted by law to the board of appeals. [Emphasis added.]

Plaintiff asserts that the reference to "section 23" appearing in the first sentence of the statute is quali-

---

[6] Specifically, MCL 125.290 provides, in part:

(1) The township board of appeals . . . . shall hear and decide appeals from and review any order, requirement, decision, or determination made by an administrative official or body charged with enforcement of an ordinance adopted pursuant to this act. . . . For special land use and planned unit development decisions, an appeal may be taken to the board of appeals only if provided for in the zoning ordinance.

fying language and, thus, the ZBA's decision in the present case is not reviewable under MCL 125.293a, because the ZBA's decision was not derived from an appeal or a variance request as described in "section 23." Plaintiff correctly points out that "section 23" refers to MCL 125.293,[7] which addresses (1) appellate dispositions made by a zoning board of appeals pursuant to MCL 125.290 and (2) decisions made on applications for variances (the statute references practical difficulties and unnecessary hardships). Plaintiff argues that because MCL 125.293a specifically references MCL 125.293 and because MCL 125.293 only governs appeals to a zoning board of appeals and decisions on variances, MCL 125.293a only confers a right of appeal to the circuit court from decisions made by a zoning board of appeals on appeal or on certain variance applications.

Plaintiff's argument is not persuasive because the second sentence of MCL 125.293a(1) was not intended by the Legislature to be limited by the first sentence of the statutory provision. The primary goal of judicial

---

[7] MCL 125.293 provides:

> The township board of appeals shall fix a reasonable time for the hearing of the appeal, give due notice thereof to the parties, and decide the appeal within a reasonable time. At the hearing, a party may appear in person or by agent or by attorney. The board of appeals may reverse or affirm, wholly or partly, or may modify the order, requirement, decision, or determination as in its opinion ought to be made in the premises, and to that end shall have all the powers of the officer or body from whom the appeal was taken and may issue or direct the issuance of a permit. Where there are practical difficulties or unnecessary hardship in the way of carrying out the strict letter of the zoning ordinance, the board of appeals in passing upon appeals may vary or modify any of its rules or provisions so that the spirit of the ordinance is observed, public safety secured, and substantial justice done. The board of appeals may impose conditions with an affirmative decision pursuant to section 16d(2).

interpretation of statutes is to ascertain and give effect to the intent of the Legislature. *Neal v Wilkes*, 470 Mich 661, 665; 685 NW2d 648 (2004). The first criterion in determining intent is the specific language of the statute. *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 63; 642 NW2d 663 (2002). The Legislature is presumed to have intended the meaning it plainly expressed. *Pohutski v City of Allen Park*, 465 Mich 675, 683; 641 NW2d 219 (2002). Nothing will be read into a clear statute that is not within the manifest intention of the Legislature as derived from the language of the statute itself. *Roberts, supra* at 63.

The second sentence of MCL 125.293a(1) provides: "However, a person having an interest affected by the zoning ordinance may appeal to the circuit court." Plaintiff contends that the appeal to the circuit court is limited by the use of "section 23" in the first sentence because the use of "however" connects the sentences. We find that plaintiff's contention is contrary to the plain language of the statute. Unless defined in the statute, every word or phrase of a statute should be accorded its plain and ordinary meaning, and a dictionary may be consulted for this purpose. *Halloran v Bhan*, 470 Mich 572, 578; 683 NW2d 129 (2004). Our Supreme Court has recently interpreted the statutory use of "however" as meaning " 'in spite of that' and 'on the other hand.' " *Id.*, quoting *Random House Webster's College Dictionary* (2d ed). The use of the term "however" supports that "in spite of" the limiting language in the first sentence, a person affected by a zoning ordinance may appeal a zoning board of appeals decision to the circuit court, not just a person affected by a decision made by a zoning board of appeals pursuant to § 23. See, generally, *Halloran, supra* at 578-579. The language provided by the Legislature plainly provides that defendant, who was adversely affected by the

zoning ordinance, may appeal the adverse ZBA decision to the circuit court. Had the Legislature intended to restrict appeals to the circuit court only to decisions of a zoning board of appeals pursuant to § 23, the second sentence could have provided that a person aggrieved by a decision of the zoning board of appeals pursuant to § 23 had the right to appeal to the circuit court. It does not so provide, and the fact that it does not evidences the Legislature's intent that the second sentence is not subject to the same restrictions as the first sentence. The omission of a provision in one part of a statute that is included in another should be construed as intentional, see *Farrington v Total Petroleum, Inc*, 442 Mich 201, 210; 501 NW2d 76 (1993), and provisions not included by the Legislature should not be included by the courts, *In re Wayne Co Prosecutor*, 232 Mich App 482, 486; 591 NW2d 359 (1998).

The statute clearly provides that "a person having an interest affected by the zoning ordinance may appeal to the circuit court." The plain and ordinary meaning of the language in the second sentence of MCL 125.293a(1) is clear, providing defendant the discretion to appeal the ZBA's denial of his permit; thus, judicial construction is neither necessary nor permitted. See *Sun Valley Foods Co v Ward*, 460 Mich 230, 236; 596 NW2d 119 (1999); *Toth v AutoAlliance Int'l (On Remand)*, 246 Mich App 732, 737; 635 NW2d 62 (2001). For the above reasons, we find that the circuit court had jurisdiction under MCL 125.293a to review defendant's appeal from the adverse ZBA decision because he had an interest affected by the zoning ordinance.

V

Plaintiff's final issue on appeal is that the trial court improperly shifted the burden of proof to the ZBA to

show that defendant had not satisfied the specific special land use criteria for his proposed outdoor pond. Again, plaintiff did not properly preserve this issue, and we need not address issues first raised on appeal. *Booth Newspapers, Inc, supra* at 234; *Higgins Lake Prop Owners Ass'n, supra* at 117. Manifest injustice will not result by declining to address this issue, thus, we decline to address this issue first raised on appeal. *Herald Co, supra* at 390. To hold otherwise would contravene the longstanding rule against a party harboring error as an appellate parachute. *Marshall Lasser, PC, supra* at 109.[8]

Affirmed.

---

[8] Nonetheless, this issue is without merit because the circuit court acted properly in its appellate role. At the hearing, defendant stated reasons why his proposal complied with the ordinance, and he submitted a diagram. The circuit court's findings do not reflect a shifting of the burden of proof. Instead, the findings reflect the fact that the judge reviewed the transcript of the hearing on remand to determine whether the ZBA gave reasons on the record for its denial of the permit application and whether there was any evidence in the record to support any reasons offered by any of the members of the ZBA.