# STATE OF MICHIGAN

# COURT OF APPEALS

KEVIN JACKSON,

       Plaintiff-Appellant,

v

AGNA INC d/b/a AZZO'S LIQUOR, and
JOSEPH BUILDING LLC,

       Defendants-Appellees.

UNPUBLISHED
November 13, 2014

No. 317287
Wayne Circuit Court
LC No. 11-015358-NO

Before: WHITBECK, P.J., and FITZGERALD and MURRAY, JJ.

PER CURIAM.

Plaintiff, Kevin Jackson, appeals as of right the trial court's order granting summary disposition in favor of defendants, Agna Inc. and Joseph Building LLC, under MCR 2.116(C)(10). Jackson was struck in the head by a brick that fell from Agna's building. The trial court granted Agna's motion for summary disposition on the basis that Jackson provided no evidence that Agna had actual or constructive notice that the building's condition was dangerous when the brick fell. We affirm.

## I. FACTS

Agna operates Azzo's Liquor Store in Detroit, Michigan. On July 15, 2010, Jackson was entering the store when he was struck in the head by a piece of falling brick. Robin Little stated in an affidavit that she saw a piece of concrete fall from the building and strike Jackson. Mark Green averred that Agna hired him to do stone work, limestone erection, and foundation work on the property. Green inspected the property in February 2009 and found that "[t]he application of the brick was wrong." Homero Rodriguez stated in an affidavit that Agna hired him in November 2009 to erect stone and block on the building but he left the job in December 2009. According to Rodriguez, Agna wanted him to erect limestone on the building but Rodriguez declined to hang limestone because there were insufficient anchors for it. Rodriguez averred that, without proper anchors, it is easy for stone to fall off a building. Rodriguez averred that another contractor completed the stone work on Agna's property.

Agna moved for summary disposition under MCR 2.116(C)(10), contending in part that there was no evidence that Agna had notice that the building was unsafe when the brick struck Jackson. Agna contended that Green and Rodriguez's affidavits related to time periods before the incident and that another contractor completed work after that time.

-1-

The trial court granted Agna's motion for summary disposition. The trial court reasoned that Green and Rodriguez inspected the building long before the incident took place. The trial court also reasoned that neither affidavit provided evidence that Agna had actual or constructive notice that the building was unsafe at the time that the brick struck Jackson.

## II. NOTICE

### A. STANDARD OF REVIEW AND ISSUE PRESERVATION

Generally, this Court reviews de novo the trial court's decision on a motion for summary disposition.[1] A party is entitled to summary disposition under MCR 2.116(C)(10) if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment . . . as a matter of law." The trial court must consider all the documentary evidence in the light most favorable to the nonmoving party.[2] A genuine issue of material fact exists if, when viewing the record in the light most favorable to the nonmoving party, reasonable minds could differ on the issue.[3]

But this Court "need not address issues first raised on appeal."[4] To properly preserve an issue, a party must raise the issue before the trial court.[5] This Court will generally decline to address unpreserved issues unless "a miscarriage of justice will result from a failure to pass on them, or if the question is one of law and all the facts necessary for its resolution have been presented, or where necessary for a proper determination of the case."[6]

Here, Jackson raises two issues for the first time on appeal: (1) that the jury could infer that Agna created the condition and, therefore, notice is unnecessary, and (2) that Agna's building is a "dangerous building" under MCL 125.539(c).

We decline to address Jackson's first unpreserved issue because we lack facts necessary to determine it. There are no facts in the current record indicating whether Agna, the "other contractor," or some third party created the condition. Jackson has abandoned his second unpreserved issue by failing to support it.[7] Jackson merely states that Agna's building was a "dangerous building" under MCL 125.539. Jackson has not provided any law, argument, or

---

[1] *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999); *Gorman v American Honda Motor Co, Inc*, 302 Mich App 113, 115; 839 NW2d 223 (2013).

[2] MCR 2.116(G)(5); *Maiden*, 461 Mich at 120.

[3] *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008); *Gorman*, 302 Mich App at 115.

[4] *Polkton Charter Twp v Pellegrom*, 265 Mich App 88, 95; 693 NW2d 170 (2005).

[5] *Id*.

[6] *Heydon v MediaOne of Southeast Mich, Inc*, 275 Mich App 267, 278; 739 NW2d 373 (2007) (quotation marks and citations omitted).

[7] See *VanderWerp v Plainfield Charter Twp*, 278 Mich App 624, 633; 752 NW2d 479 (2008).

explanation for how Agna's failure to comply with the Housing Law of Michigan[8] would attach liability to Agna in tort, and we decline to manufacture Jackson's arguments for him.

## B. LEGAL STANDARDS

A party may maintain a negligence action, including a premises liability action, only if the defendant had a duty to conform to a particular standard of conduct.[9] A premises owner has a duty to protect persons who enter the owner's premises at his or her express or implied invitation from hidden or latent defects on his or her property.[10] A storekeeper must exercise reasonable prudence to render its premises reasonably safe for customers.[11] A storekeeper is liable for injuries caused by dangerous conditions that (1) the active negligence of the storekeeper or its employees caused, (2) the storekeeper or its employees actually knew about, or (3) existed for long enough that the storekeeper or its employees should have known about it.[12]

## C. APPLYING THE STANDARDS

Jackson contends that Rodriguez and Green's affidavits provided evidence that Agna had actual or constructive notice of the dangerous condition of its building. We disagree.

Here, Green inspected the building in February 2009 and Rodriguez inspected the building in December 2009. Green informed Agna that his brick work was not up to code, and Rodriguez informed Agna that he declined to install limestone because the building did not have sufficient anchors. But Rodriguez also averred, "After I left the job, limestone was erected by another contractor."

Thus, while the evidence indicates that Agna knew that a dangerous condition of the building existed *before* the remedial work was completed, there is simply no evidence that Agna knew that this condition continued to exist *after* the "other contractor" completed remedial work. The other contractor may have remedied Agna's deficient anchors before erecting the limestone, the other contractor may have told Agna that it remedied the anchors, even if it did not actually do so. We simply do not know. Given the dearth of evidence in this case related to what the other contractor did or told Agna, any finding that Agna knew or should have known that the building was defective after December 2009 is a matter of speculation. And, because there is no evidence regarding when the remedial work was completed, there is also no evidence that the dangerous condition existed for such a period that Agna had constructive knowledge of it.

---

[8] MCL 125.401 *et seq.*

[9] *Riddle v McLouth Steel Prod Corp*, 440 Mich 85, 96; 485 NW2d 676 (1992).

[10] *Id*. at 90-91.

[11] *Clark v K-Mart Corp*, 465 Mich 416, 419; 634 NW2d 347 (2001).

[12] *Id*.; *Serinto v Borman Food Stores*, 380 Mich 637, 640-641; 158 NW2d 485 (1968).

We conclude that the trial court properly granted summary disposition under MCR 2.116(C)(10) because Jackson failed to provide any evidence that Agna actually knew about the dangerous condition of its building after contractors finished working on that condition or that the condition existed for long enough that Agna should have known about it.

We affirm.

/s/ William C. Whitbeck
/s/ E. Thomas Fitzgerald
/s/ Christopher M. Murray