# STATE OF MICHIGAN

# COURT OF APPEALS

GREGORY VESSELS and AMY SARAFIAN,

Plaintiffs-Appellants,

v

MANDY VESSELS,

Defendant-Appellee.

UNPUBLISHED
October 22, 2015

No.   322122
Washtenaw Circuit Court
LC No.   14-000473-DZ

Before: BOONSTRA, P.J., and SAAD and HOEKSTRA, JJ.

PER CURIAM.

Plaintiffs Gregory Vessels and Amy Sarafian sought grandparenting time pursuant to MCL 722.27b.  The trial court entered an order for grandparenting time, but the order provided for grandparenting time "at the discretion" of the child's mother, defendant Mandy Vessels, who adamantly opposed any grandparenting time.  Plaintiffs now appeal.  We vacate the order and remand for entry of an order dismissing the complaint.

## I.  ORDER PERMITTING GRANDPARENTING TIME

Plaintiffs argue that the trial court erred in granting grandparenting time at the discretion of defendant.  While we hold that the trial court erred in entering the order, the remedy is to vacate it and to dismiss the complaint.

## A.  STANDARDS OF REVIEW

"Orders concerning grandparenting time must be affirmed on appeal unless the trial court's findings were against the great weight of the evidence, the court committed a palpable abuse of discretion, or the court made a clear legal error on a major issue." *Keenan v Dawson*, 275 Mich App 671, 679; 739 NW2d 681 (2007) (brackets and quotation marks omitted).  "A trial court's findings of fact are not against the great weight of the evidence unless the evidence clearly preponderates in the opposite direction." *Id.* at 679-680.  Under the palpable abuse of discretion standard, an abuse of discretion occurs "when the trial court's decision is so palpably and grossly violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or the exercise of passion or bias." *Mitchell v Mitchell*, 296 Mich App 513, 522; 823 NW2d 153 (2012) (citation and quotation marks omitted).  "Clear legal error occurs when the trial court errs in its choice, interpretation, or application of the existing law." *Sturgis v Sturgis*, 302 Mich App 706, 710; 840 NW2d 408 (2013) (citation and quotation marks omitted).  Further,

"[t]he interpretation and application of a statute presents a question of law that the appellate court reviews de novo." *Book-Gilbert v Greenleaf*, 302 Mich App 538, 541; 840 NW2d 743 (2013).

## B. ANALYSIS

MCL 722.27b governs orders for grandparenting time. Plaintiffs moved for visitation under MCL 722.27b(1)(f),[1] which provide the following:

> (1) A child's grandparent may seek a grandparenting time order under 1 or more of the following circumstances:
>
> * * *
>
> (f) In the year preceding the commencement of an action under subsection (3) for grandparenting time, the grandparent provided an established custodial environment for the child as described in [MCL 722.27], whether or not the grandparent had custody under a court order.

It was undisputed that after the two-month-old child was removed from defendant's care in March 2013, she was placed in the care of plaintiffs. The child remained in the care of plaintiffs for the next nine months, thereby creating an established custodial environment over this period. Being that plaintiffs provided this environment within a year of the complaint being filed in March 2014, subsection (f) gave plaintiffs standing to pursue their request for grandparenting time.

However, having standing is only the first hurdle for grandparents to clear. MCL 722.27b(4)(b) further provides that

> [i]n order to give deference to the decisions of fit parents, it is presumed in a proceeding under this subsection that a fit parent's decision to deny grandparenting time does not create a substantial risk of harm to the child's mental, physical, or emotional health. To rebut the presumption created in this subdivision, a grandparent filing a complaint or motion under this section *must prove by a preponderance of the evidence* that the parent's decision to deny grandparenting time creates a substantial risk of harm to the child's mental, physical, or emotional health. *If the grandparent does not overcome the*

---

[1] Plaintiffs also relied on MCL 722.27b(1)(e), which provides that a grandparent can seek grandparenting time if, "[e]xcept as otherwise provided in subsection (13), legal custody of the child has been given to a person other than the child's parent, or the child is placed outside of and does not reside in the home of a parent." But that subsection was not pertinent at the time of the motion hearing because the child, who had been removed from defendant's care, was placed back with defendant and the CPS case was closed.

*presumption, the court shall dismiss the complaint or deny the motion.* [Emphasis added.]

Here, the trial court expressly stated on the record that "I don't think statutorily [plaintiffs] have met [their] burden. I don't make a finding where I would impose grandparent visitation . . . ." The court later reiterated, "I don't think [plaintiffs] have met that burden for me to impose [visitation]." Notably, on appeal, plaintiffs do not challenge the trial court's finding on this point. Moreover, even if this finding was challenged, we are not convinced that the evidence clearly preponderates in the opposite direction. Therefore, because the court's finding was not against the great weight of evidence, we will not disturb it. See *Keenan*, 275 Mich App at 679-680.

Nevertheless, the trial court "granted" plaintiffs' motion,[2] which is contrary to the express language in statute. Upon finding that plaintiffs failed to overcome the presumption articulated in MCL 722.27b(4)(b), the court *was required* to dismiss the complaint or deny the motion. See *Smitter v Thornapple Twp*, 494 Mich 121, 136; 833 NW2d 875 (2013) (explaining that "the word 'shall' generally indicates a mandatory directive, not a discretionary act"). Therefore, it is evident that the trial court committed a clear legal error by misapplying the existing law.

Plaintiffs' argument on appeal presupposes that the trial court properly entered an order for grandparenting time; however, our review of the record demonstrates that the trial court did not comply with the procedures and requirements set forth in MCL 722.27b, which constitutes clear legal error. Because the trial court's finding that plaintiffs did not meet their burden is not against the great weight of the evidence, and because the trial court was required to dismiss the complaint or deny the motion under the express language of MCL 722.27b, we vacate the order granting grandparenting time and remand to the trial court to dismiss the complaint.

## II. DEFAULTED DEFENDANT

Plaintiffs also argue on appeal that the trial court improperly allowed defendant, who was defaulted, to participate in the motion hearing. Plaintiffs claim that the trial court impermissibly allowed defendant to participate in contravention of MCR 2.603(A)(3).[3] This particular issue was not raised at the trial court and is not preserved. See *Polkton Charter Twp v Pellegrom*, 265 Mich App 88, 95; 693 NW2d 170 (2005). We therefore decline to address the issue. See *id.* While "this Court may disregard the issue preservation requirements and review may be granted if failure to consider the issue would result in manifest injustice," *id.* at 95-96 (citations omitted),

---

[2] While the court technically granted the motion, its value is patently dubious, as it allowed visitation only at the discretion of defendant. While defendant stated previously in the proceedings that she would allow plaintiffs to visit, she thereafter vowed to not allow plaintiffs any visitation whatsoever. The court acknowledged that it was only entering the order because of this prior "agreement."

[3] MCR 2.603(A)(3) provides that a defaulted party "may not proceed with the action until the default has been set aside by the court in accordance with subrule (D) or MCR 2.612."

manifest injustice would not result by declining to address this issue here because, even ignoring defendant's participation at the hearing, plaintiffs provided no evidence at the hearing to rebut MCL 722.27b(4)(b)'s presumption that the denial of "grandparenting time creates a substantial risk of harm to the child's mental, physical, or emotional health."

We vacate the order granting grandparenting time and remand for the dismissal of the complaint. We do not retain jurisdiction.


/s/ Mark T. Boonstra
/s/ Henry William Saad
/s/ Joel P. Hoekstra