# STATE OF MICHIGAN

# COURT OF APPEALS

ZAKIR SAIYED,

        Plaintiff-Appellant,

v

SAMANTHA ELAINE NAIR and RAJ NAIR,

        Defendants-Appellees.

UNPUBLISHED
March 6, 2018

No. 335917
Washtenaw Circuit Court
LC No. 14-001130-NI

Before: CAVANAGH, P.J., and HOEKSTRA and BECKERING, JJ.

PER CURIAM.

Plaintiff, Zakir Saiyed, appeals as of right from the judgment entered upon the jury's verdict following a jury trial in this third-party automobile negligence action. In October 2013, Zakir and other family members were riding in a minivan that collided with a car driven by defendant Samantha Nair.[1] Plaintiff and his two brothers sued defendants for economic loss damages in excess of compensable no-fault benefits and noneconomic damages they claim to have suffered as a result of the accident.[2] Samantha admitted fault for the accident, but defendants argued that none of the brothers was seriously injured in the crash and that any disabilities plaintiff had were pre-existing. The parties presented competing evidence regarding plaintiff's physical injuries and economic loss. The jury rendered separate verdicts regarding each brother and found that their injuries, although proximately caused by defendants, did not result in any compensable damages. We affirm.

---

[1] Samantha's father, defendant Raj Nair, owned the car she was driving at the time of the accident.

[2] Plaintiff's brothers filed a separate lawsuit that was consolidated with the instant case and both cases were tried together.

On appeal, plaintiff contends that the trial court erred by entering a judgment of no cause on the jury verdict because the great weight of the evidence established that plaintiff suffered economic damages for wage loss in excess of the statutorily capped no-fault wage loss benefits he received, that he suffered economic damages for future wage loss, and he suffered a serious impairment of body function. An issue is preserved for appeal if it was raised, addressed, and decided by the trial court. *Polkton Charter Twp v Pellegron*, 265 Mich App 88, 95; 693 NW2d 170 (2005). In this case, plaintiff failed to raise the issues he raises on appeal before the trial court; he filed no motion for judgment notwithstanding the verdict, and he filed no motion for a new trial. Therefore, he failed to preserve the issues for appeal.

Michigan generally follows a raise or waive rule of appellate review in civil matters. *Walters v Nadell*, 481 Mich 377, 387-388; 751 NW2d 431 (2008). Although the Michigan Supreme Court has held that this Court must review unpreserved errors in criminal cases for plain error affecting the defendant's rights, see *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999), it has not established a similar holding for civil cases. See *Walters*, 481 Mich. at 387-388; see also *Johnson Family LP v White Pine Wireless, LLC*, 281 Mich App 364, 377-378; 761 NW2d 353 (2008) (stating that the failure to properly raise a claim of error before the trial court in a civil case normally constitutes a waiver of that claim and declining to exercise its discretion to review the unpreserved claim under the facts of that case). Nevertheless, this Court has the discretion to overlook preservation requirements if failure to consider an issue would result in a manifest injustice, if consideration is necessary for a proper determination of the case, or if the issue involves a significant question of law and the facts necessary for its resolution have been presented. *Smith v Foerster-Bolser Constr, Inc*, 269 Mich App 424, 427; 711 NW2d 421 (2006). But we must exercise our discretion sparingly and only where exceptional circumstances warrant review. See *Booth v Univ of Mich Bd of Regents*, 444 Mich 211, 234 n 23; 507 NW2d 422 (1993).

In *Napier v Jacobs*, 429 Mich 222, 232-235; 414 NW2d 862 (1987), the Michigan Supreme Court explained that this Court has limited authority to review unpreserved claims of error regarding evidentiary weight or sufficiency in civil cases, and should only exercise its discretion where compelling circumstances require action to avoid a miscarriage of justice. In this case, nothing in the trial court record establishes that the jury's verdict resulted in a miscarriage of justice. The parties presented their evidence, and the jury simply rejected plaintiff's contention that he suffered economic damages entitling him to compensation or a serious impairment of body function entitling him to noneconomic damages. To the extent plaintiff urges this Court to reconsider the credibility of certain witnesses, we decline to do so. Determining the credibility and weight of trial testimony is the responsibility of the jury, and we "defer to the jury on issues of witness credibility." *Guerrero v Smith*, 280 Mich App 647, 669; 761 NW2d 723 (2008).

We find no compelling reasons for disturbing the trial court's judgment entered upon the jury's verdict because ample evidence supported the verdict and the trial did not result in manifest injustice or the miscarriage of justice. The record indicates that the jury properly considered and weighed all of the evidence. It found that plaintiff suffered no economic losses in excess of no-fault benefits and suffered no serious impairments. When reasonable jurors could differ in their interpretation of the evidence, their verdict must stand. *Guerrero*, 280 Mich

App at 666. Accordingly, we hold that the trial court did not err by entering judgment based upon the jury's verdict.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Joel P. Hoekstra
/s/ Jane M. Beckering