*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PREYDE ONE LLC,

        Plaintiff-Appellee,

v

HOFFMAN CONSULTANTS LLC,

        Defendant-Appellant,

and

GLASERS LUMBER and CONSOLIDATED
BUILDING SYSTEMS INC,

        Defendants.

UNPUBLISHED
February 25, 2020

No. 346192
Ingham Circuit Court
LC No. 18-000003-CB

Before: SHAPIRO, P.J., and JANSEN and M. J. KELLY, JJ.

PER CURIAM.

In this interlocutory appeal, defendant, Hoffman Consultants LLC (Hoffman), appeals by leave granted[1] the trial court's order denying its motion for summary disposition. Because the trial court erred by denying summary disposition under MCR 2.116(C)(7), we reverse and remand for entry of an order granting Hoffman summary disposition.

## I. BASIC FACTS

This case arises from the construction of a hotel in Lansing, Michigan. Plaintiff, Preyde One LLC (Preyde One), filed suit against Glasers Lumber (Glasers) on December 18, 2017, alleging that Glasers had breached its contract with Preyde One by providing defective and substandard work and materials and by failing to timely complete the work or cure the defects with

---

[1] *Preyde One LLC v Glasers Lumber*, unpublished order of the Court of Appeals, entered April 29, 2019 (Docket No. 346192).

the work performed. It also brought claims for unjust enrichment and fraudulent misrepresentation against Glasers. Relevant to this appeal, Glasers filed a notice of non-party fault identifying Hoffman as a responsible non-party.

Preyde One filed a second amended complaint, naming Hoffman as a party. Preyde One alleged that Hoffman, the structural engineer for the hotel, had a duty to exercise ordinary and reasonable skill and care when preparing the drawings and specifications for the hotel and when conducting its inspections and supervision of the structural work on the hotel. In addition, Preyde One asserted that Hoffman had a "duty to use its technical skill, ability and diligence, as required by professional engineers, in performing the structural work." Preyde One asserted that Hoffman breached those duties "by preparing insufficient drawings and specifications and by failing to properly inspect and supervise the structural work on the Hotel."

In lieu of filing an answer, Hoffman moved for summary disposition under MCR 2.116(C)(7), (C)(8), and (C)(10). Hoffman explained that it entered into a contract with Andrus Architecture to provide structural engineering services for Preyde One's hotel. It noted that it had no contractual relationship with Preyde One, and argued that as a stranger to the contract between Hoffman and Andrus Architecture, Preyde One could not prevail on a tort claim without showing that Hoffman owed it a "separate and distinct" duty arising from Hoffman's design work. Hoffman asserted that Preyde One had failed to adequately allege that it owed such a separate and distinct duty to Preyde One, so Preyde One's claim should be dismissed. In addition, Hoffman argued that summary disposition was warranted because Preyde One's claim against it was a malpractice claim governed by the two-year limitations period set forth in MCL 600.5805(8).

In response, Preyde One argued that when Hoffman prepared the design plans and specifications for construction of the hotel, Hoffman had a common-law duty to exercise due care to avoid damage to Preyde One's property and to avoid endangering people. It also asserted that because it had no contract with Hoffman, its claim was a third-party negligence claim, not a malpractice claim. As a result, it argued that the claim was governed by the six-year period set forth in MCL 600.5839(1)(a)[2] or the three-year limitations period set forth in MCL 600.5805(2). Moreover, Preyde One contended that the accrual statute for malpractice claims, MCL 600.5838(1), provides that a malpractice claim accrues when a licensed professional discontinues service to "the plaintiff." It asserted that because Hoffman's contract was with Andrus Architecture, Hoffman never rendered any professional services to Preyde One, so it was impossible for it to discontinue serving Preyde One. As a result, no malpractice claim accrued or could accrue in this case. Following oral argument, the trial court denied Hoffman's motion for summary disposition.

---

[2] Preyde One asserts that as it relates to ordinary negligence claims, MCL 600.5838(1) is both a statute of repose and a statute of limitations. Resolution of this argument is not necessary for this appeal; however, we note that our Legislature has expressly stated that the period in MCL 600.3839 is a period of repose. See MCL 600.5805(14) ("The periods of limitation under this section are subject to any applicable period of repose established in section 5838a, 5838b, or 5839.").

## II. STATUTE OF LIMITATIONS

### A. STANDARD OF REVIEW

Hoffman argues that the trial court erred by denying its motion for summary disposition under MCR 2.116(C)(7) (claim barred by statute of limitations). We review de novo whether a cause of action is barred by the applicable statute of limitations. *Seyburn, Kahn, Ginn, Bess, Deitch and Serlin, PC v Bakshi*, 483 Mich 345, 354; 771 NW2d 411 (2009). We also review de novo a trial court's decision on a motion for summary disposition. *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009). Summary dismissal is appropriate under MCR 2.116(C)(7) when an action is barred because of the "statute of limitations." When reviewing a motion brought under MCR 2.116(C)(7), "this Court must accept all well-pleaded factual allegations as true and construe them in favor of the plaintiff, unless other evidence contradicts them." *Dextrom v Wexford Co*, 287 Mich App 406, 428; 789 NW2d 211 (2010). "If any affidavits, depositions, admissions, or other documentary evidence are submitted, the court must consider them to determine whether there is a genuine issue of material fact." *Id*. at 429. "If no facts are in dispute, and if reasonable minds could not differ regarding the legal effect of those facts, the question whether the claim is barred is an issue of law for the court." *Id*.

### B. ANALYSIS

Preyde One argues that its negligence claim against Hoffman is an ordinary, third-party negligence claim, not a malpractice claim. However, the Legislature has determined that "[a]n action against a state licensed architect or professional engineer or licensed professional surveyor *arising from professional services rendered* is an action charging malpractice subject to the period of limitation contained in [MCL 600.5805(8)]." MCL 600.3805(3) (emphasis added). Here, it is undisputed that Hoffman is a professional engineer. Moreover, it is also plain that Preyde One's action against Hoffman arose "from professional services rendered." The second amended complaint provides:

> 87. *In its capacity as structural engineer*, Hoffman prepared drawings and specification, conducted inspections and supervised the structural work [on Preyde One's hotel]."
>
> 88. *In preparing the drawings and specifications and in its inspections and supervision of the structural work on the Hotel*, Hoffman had a duty to exercise ordinary and reasonable care and skill.
>
> 89. Hoffman also had a duty to use its technical skill, ability and diligence, *as required by professional engineers*, in performing the structural work.
>
> 90. Hoffman breached its duties *by preparing insufficient drawings and specifications and by failing to properly inspect and supervise the structural work on the Hotel*.

91. *The design defects* include, but are not limited to, inadequate specifications for the bracing of the cantilevered second through fourth floors, which subjected the Hotel to movement, twisting and racking.

92. *The design defects* may have also caused all, or some, of the Construction defects. [Emphasis added.]

In other words, Preyde One alleged that Hoffman was negligent in performing its professional engineering services, which included preparing the drawings and specifications for the hotel and inspecting and supervising the structural work on the hotel. Based on a plain reading of the second amended complaint, it is clear that none of the allegedly negligent acts and omissions are unrelated to the professional services rendered in this case.

Preyde One argues that because it does not have a contractual relationship with Hoffman its claim can only sound in ordinary negligence and can never sound in malpractice. But MCL 600.3805(13) includes no language limiting a malpractice action to an action arising from a contract between the defendant and the plaintiff. Instead, it provides in broad terms that an action against a professional engineer is an action charging malpractice if it arises "from professional services rendered." If the Legislature intended a contractual relationship between the parties it would have used language indicating that such a relationship was mandated. See *Polkton Twp v Pellegrom*, 265 Mich App 88, 102; 693 NW2d 170 (2005) ("Nothing will be read into a clear statute that is not within the manifest intention of the Legislature as derived from the language of the statute itself."). Moreover, examination of the relevant accrual statute does not mandate a different result. MCL 600.5838(1) provides that "a claim based on the malpractice of a person who is, or holds himself or herself out to be, a member of a state licensed profession accrues at the time that person *discontinues serving the plaintiff* in a professional or pseudoprofessional capacity as to the matters out of which the claim for malpractice arose, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim." (Emphasis added). Preyde One argues that Hoffman did not—and could not—discontinue serving it because there is no contractual relationship between Preyde One and Hoffman. We disagree. Even in the absence of a direct contractual relationship, by providing structural engineering services for Preyde One's hotel, Hoffman was serving Preyde One. Specifically, Preyde One (or one of its affiliates) contracted with Andrus Architecture, which in turn contracted with Hoffman to provide structural-engineering services for Preyde One's hotel. Although the relationship is indirect, the plain language of the accrual statute does not mandate that a direct contractual relationship exist between the defendant and the plaintiff in an action charging malpractice. Accordingly, we conclude that the claim in this case alleges malpractice, not ordinary negligence, because it is an action against a professional engineer arising from professional services rendered. See MCL 600.5805(13). As such the two-year limitations period in MCL 600.3805(8) applies to Preyde One's claim against Hoffman. Hoffman last performed professional services in relation to Preyde One's hotel on August 25, 2015. At that time, Preyde One's malpractice claim accrued pursuant to MCL 600.5838(1). Preyde One did not file its claim against Hoffman until June 14, 2018, which is more than two years after the malpractice claim accrued. Consequently, as a matter of law, Preyde One's

malpractice claim is barred by the statute of limitations. The trial court, therefore, erred by denying summary disposition.[3]

We reverse the trial court's order denying summary disposition and remand for entry of an order granting summary disposition in Hoffman's favor under MCR 2.116(C)(7). Hoffman may tax costs as the prevailing party. MCR 7.219(A). We do not retain jurisdiction.

/s/ Douglas B. Shapiro
/s/ Kathleen Jansen
/s/ Michael J. Kelly

---

[3] Given our resolution, we need not address the parties dispute over whether Hoffman owed any legal duty to Preyde One that was separate and distinct from its contractual obligations to Andrus Architecture.