CARLETON SPORTSMAN'S CLUB v EXETER TOWNSHIP

Docket No. 175845. Submitted April 16, 1996, at Detroit. Decided June 14, 1996, at 9:00 A.M.

The Carleton Sportsman's Club brought an action in the Monroe Circuit Court against Exeter Township and the Exeter Township Board of Trustees, alleging that the township's zoning ordinance was unconstitutional and that the board's decisions to deny the special land-use permit sought by the plaintiff were arbitrary and capricious and not supported by evidence on the record. The defendants moved for summary disposition pursuant to MCR 2.116(C)(10), arguing that no genuine issue of fact existed refuting that the ordinance was valid and that the board's decisions to deny the special permit were a proper exercise of its discretionary powers. The court, William F. LaVoy, J., granted the defendants' motion with respect to the constitutionality of the ordinance, but denied the motion with respect to the claim concerning the application of the ordinance to the plaintiff, finding that the ordinance was arbitrary and capricious as applied to the plaintiff. The defendants appealed by leave granted.

The Court of Appeals held:

1. Section 20 of the Township Rural Zoning Act, MCL 125.290; MSA 5.2963(20), provides that an appeal of a decision by a township board of trustees relative to a special land-use permit may be taken to the township board of appeals if provided for in the township zoning ordinance. Because the Exeter Township zoning ordinance did not provide for an appeal of decisions of the township board of trustees concerning special land-use permits to a township board of appeals, and indeed did not provide for a township board of appeals, the decision of the board of trustees was final, and there is an appeal of such a decision to the circuit court pursuant to Const 1963, art 6, § 28.

2. Because the matter was properly before the circuit court as an appeal of a determination of a quasi-judicial administrative body, summary disposition pursuant to MCR 2.116(C)(10) was not proper. Rather, the court should have employed the standard of review set forth in Const 1963, art 6, § 28 and should have determined whether the defendant board's decision was authorized by

law and was supported by competent, material, and substantial evidence on the whole record.

Reversed and remanded.

ZONING — TOWNSHIPS — SPECIAL USE PERMITS — APPEAL — STANDARD OF REVIEW — TOWNSHIP RURAL ZONING ACT.

A decision of a township board of trustees concerning an application for a special land-use permit under the township's zoning ordinance is a final determination where the zoning ordinance does not provide for review of the decision of the township board of trustees by a township board of appeals; a decision of the township board of trustees relative to a special land-use permit that is not appealable to a township board of appeals may be appealed to the circuit court, which must review the decision to determine whether it was authorized by law and was supported by competent, material, and substantial evidence on the whole record (Const 1963, art 6, § 28; MCL 125.290; MSA 5.2963[20]).

*Butzel Long* (by *David W. Berry* and *Susan K. Friedlaender*), for the plaintiff.

*Ready, Sullivan & Ready* (by *Conly K. Crossley*), for the defendants.

Before: TAYLOR, P.J., and FITZGERALD and P. D. HOUK,* JJ.

TAYLOR, P.J. We granted defendants' interlocutory appeal to resolve the appropriate method of appeal and standard of review where a zoning ordinance does not provide for an appeal to a zoning board of appeals from an unfavorable decision by a township board regarding a request for a special land-use permit. We hold that in such a case the decision of the township board is final and that the appropriate appellate forum is the circuit court, which must review the decision pursuant to Const 1963, art 6,

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

§ 28. Because the circuit court here did not conduct its review in this fashion, we reverse and remand.

I

Plaintiff is a recreational organization whose activities include archery, skeetshooting, trapshooting, and rifle, pistol, and black powder shooting. Plaintiff owns three contiguous parcels of land located in Exeter Township that total approximately 104 acres. Plaintiff proposed to build and operate a gun and sportsman club on its property. Under the controlling zoning ordinance affecting plaintiff's land, gun clubs are allowed with a special land-use permit. On February 4, 1992, plaintiff submitted an application for a special land-use permit with the township board, which was subsequently denied. Thereafter, on April 21, 1992, plaintiff submitted a revised application, which was also denied. The township ordinance at issue did not contain a provision that allowed plaintiff to appeal the township board's decision to a zoning board of appeals.

On June 9, 1992, plaintiff filed the instant case, alleging that the zoning ordinance was unconstitutional and that the township board's decisions denying the special land-use applications were arbitrary and capricious and not supported by evidence on the record. On August 30, 1993, plaintiff submitted its third revised request for a special land-use permit, which was denied. Plaintiff amended its complaint to include the township board's third denial.

On April 15, 1994, defendants filed a motion for summary disposition pursuant to MCR 2.116(C)(10), arguing that no genuine issue of material fact existed to refute the fact that the ordinance was valid and

that the township board's decisions denying plaintiff's application were a proper exercise of its discretionary power. The trial court granted defendants' motion with respect to the constitutionality of the ordinance, but denied the motion with respect to the application of the ordinance to plaintiff. In a written opinion, the trial court also found that the ordinance was arbitrary and capricious as applied to plaintiff. Defendants filed an interlocutory appeal, and we granted leave to resolve the appropriate method of appeal and standard of review.

II

The confusion this case presents is attributable to the fact that Michigan's Township Rural Zoning Act, MCL 125.271 *et seq.;* MSA 5.2963(1) *et seq.,* is silent regarding the method of appeal and standard of review to be employed where a zoning ordinance does not provide for an aggrieved party to appeal to a zoning board of appeals an unfavorable decision of a township board regarding a request for a special land-use permit. Also, defendants filed a motion pursuant to MCR 2.116(C)(10); however, such a motion was inappropriate in this type of case, and the circuit court's decision went beyond deciding this motion.

A

Pursuant to MCL 125.271; MSA 5.2963(1), "[t]he township board of an organized township in this state may provide by zoning ordinance for the regulation of land development." Pursuant to MCL 125.290; MSA 5.296(20), a party challenging a particular ordinance may appeal an unfavorable decision of a township board to the township's zoning board of appeals. Pursuant to MCL 125.293a; MSA 5.2963(23a), the decision

of the zoning board of appeals is final; however, a person having an interest affected by the zoning ordinance may appeal the decision of the board of appeals to the circuit court. That section further provides:

> (1) . . . Upon appeal the circuit court shall review the record and decision of the board of appeals to insure that the decision:
>
> (a) Complies with the constitution and law of the state.
>
> (b) Is based upon proper procedure.
>
> (c) Is supported by competent, material, and substantial evidence on the record.
>
> (d) Represents the reasonable exercise of discretion granted by law to the board of appeals.
>
> (2) If the court finds the record of the board of appeals inadequate to make the review required by this section, or that there is additional evidence which is material and with good reason was not presented to the board of appeals, the court shall order further proceedings before the board of appeals on conditions which the court considers proper. The board of appeals may modify its findings and decision as a result of the new proceedings, or may affirm its original decision. The supplementary record and decision shall be filed with the court.
>
> (3) As a result of the review required by this section, the court may affirm, reverse, or modify the decision of the board of appeals.

In the instant case, the procedure was somewhat changed in that plaintiff originally sought a *special land-use permit* from the township board, pursuant to MCL 125.286d; MSA 5.2963(16d). According to MCL 125.290; MSA 5.2963(20), an appeal of a township board's decisions regarding special land-use and planned unit development decisions, "may be taken to the board of appeals only if provided for in the zoning ordinance." Therefore, if an ordinance provides for an

appeal from a township board's decision on a special land-use permit to a zoning board of appeals, then pursuant to MCL 125.293a; MSA 5.2963(23a), the decision of the zoning board of appeal's is final and may be appealed to the circuit court under the standard of review prescribed therein. However, MCL 125.290; MSA 5.2963(20) is silent regarding what recourse a party has when, as in this case, a township board denies a special land-use permit and the ordinance does not provide for an appeal to the zoning board of appeals. We resolve this issue of first impression by holding that where a township zoning ordinance does not provide for review of a request for a special land-use permit by a zoning board of appeals, the township board's decision is final and subject to appellate review by the circuit court pursuant to Const 1963, art 6, § 28.

B

Art 6, § 28 provides as follows:

> All final decisions, findings, rulings and orders of any administrative officer or agency existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights or licenses, shall be subject to direct review by the courts as provided by law. This review shall include, as a minimum, the determination whether such final decisions, findings, rulings and orders are authorized by law; and, in cases in which a hearing is required, whether the same are supported by competent, material and substantial evidence on the whole record.

The decision of the township board comes within the purview of this constitutional provision, and the trial court should have reviewed the township board's decision under it. Cf. *Lorland Civic Ass'n v DiMatteo,*

10 Mich App 129, 135-136; 157 NW2d 1 (1968) (Detroit zoning board of appeals is a quasi-judicial body whose decisions affect private rights and art 6, § 28 establishes a right to judicial review and a minimum standard of review[1]). The circuit court is the proper court to review the township board's denial because the circuit courts have appellate jurisdiction from all inferior courts and tribunals except as otherwise provided by law. Const 1963, art 6, § 13.

A hearing was required regarding plaintiff's request for a special land-use permit, and, thus, the circuit court's review should have been to determine if the township board's decision was authorized by law and supported by competent, material, and substantial evidence on the whole record.

C

We now turn to the issue whether the circuit court properly considered defendants' motion for summary disposition pursuant to MCR 2.116(C)(10). We find that such a motion was improperly considered by the circuit court because the court was not sitting as a court of original jurisdiction, but rather as a court of appellate jurisdiction.[2] Similarly, in *Macenas v Village*

[1] As previously noted, the decisions of township zoning boards of appeal are subject to appeal and review pursuant to MCL 125.293a; MSA 5.2963(23a).

[2] Const 1963, art 6, § 13, provides:

The circuit court shall have original jurisdiction in all matters not prohibited by law; appellate jurisdiction from all inferior courts and tribunals except as otherwise provided by law; power to issue, hear and determine prerogative and remedial writs; supervisory and general control over inferior courts and tribunals within their respective jurisdictions in accordance with rules of the supreme court; and jurisdiction of other cases and matters as provided by rules of the supreme court.

*of Michiana*, 433 Mich 380, 394-397; 446 NW2d 102 (1989), the plaintiff filed a claim of appeal in the Berrien Circuit Court from the decision of the board of appeals of the Village of Michiana denying his building permit. *Id.* at 383-385. The *Macenas* Court considered MCL 125.585(11); MSA 5.2935(11), which is the counterpart of MCL 125.293a; MSA 5.2963(23a) for cities and villages. The defendant village brought a motion for summary disposition pursuant to MCR 2.116(C)(8), claiming that the plaintiff had failed to state a claim upon which relief could be granted. *Id.* at 385. The circuit court granted the defendant's motion, the plaintiff appealed to this Court, this Court reversed and entered summary disposition in favor of the plaintiff, and our Supreme Court granted leave to appeal. *Id.* at 385-386.

In rendering its decision, the Supreme Court noted that when the circuit court acts as an appellate court for purposes of considering and correcting assigned error within the ambit of review outlined in MCL 125.585(11); MSA 5.2935(11), the circuit court is instructed by statute to " 'review the record and decision of the board of appeals.' " *Id.* at 387. Therefore, the Court concluded that a motion for summary disposition pursuant to MCR 2.116(C)(8), which tests only the pleadings, was not appropriate, because if a proper appeal to the circuit court had been filed, a "cause of action" was stated, at least for purposes of obtaining appellate review of the board's decision in accordance with the statute. *Id.* at 387-388.

Therefore, we conclude that, by analogy, defendants' motion for summary disposition brought pursuant to MCR 2.116(C)(10) was not appropriate where the circuit court was sitting as an appellate court and

considering plaintiff's claim within the ambit of Const 1963, art 6, § 28. In doing so, the circuit court was required to review the record and decision of the township board for competent, material, and substantial evidence in support of the decision and to determine if it was authorized by law. Therefore, the circuit court could not have properly entertained defendants' motion for summary disposition.

Accordingly, by virtue of the appellate status of the circuit court, the standard of its review, and its statutory options for disposition of the claim, we find that the court's consideration of whether a genuine issue of material fact remained for trial, done under the auspices of a MCR 2.116(C)(10) motion, was not proper. In addition, we also find that the circuit court erred in rendering its decision that the denial of plaintiff's special land-use permit was arbitrary and capricious, because the court failed to employ the appropriate standard of review; i.e., pursuant to Const 1963, art 6, § 28.

III

In summary, we hold that where a zoning ordinance does not provide an aggrieved party the right to have an unfavorable decision of a township board regarding a request for a special land-use permit reviewed by a zoning board of appeals, appellate review is available to the aggrieved party in the circuit court, which must follow the review method prescribed in Const 1963, art 6, § 28. Because the circuit court did not conduct its review in this fashion, and because the circuit court erroneously considered defendants' motion for summary disposition, we

reverse and remand for disposition of the case under the appropriate standard of review.

Reversed and remanded. We do not retain jurisdiction.