SILVER CREEK TOWNSHIP v CORSO

Docket No. 221052. Submitted January 3, 2001, at Grand Rapids. Decided May 18, 2001, at 9:00 A.M.

Silver Creek Township brought an action in the Cass Circuit Court against Armando Corso, seeking a declaration that the defendant did not have a valid special land-use permit that would allow him to develop a mobile home park on land he owned in the township. In June 1996, the plaintiff had issued a special land-use permit with respect to the subject property that would have allowed the property to be developed as a mobile home park; in July 1996, that permit was revoked. In May 1998, the defendant again applied for a special land-use permit for the purpose of developing the property as a mobile home park. The plaintiff's zoning board denied the defendant's application. In October 1998, the defendant submitted to the plaintiff for review a preliminary plan of development of the subject property as a mobile home park, allegedly filed in accordance with the provisions of § 11 if the Mobile Home Commission Act (MHCA), MCL 125.2311. When the plaintiff did not respond concerning that plan within sixty days, the defendant asserted that the plan was approved pursuant to MCL 125.2311(5) and that, accordingly, he had the authority to develop his mobile home park pursuant to the MHCA. The plaintiff thereafter commenced its declaratory judgment action. Both parties filed motions for summary disposition. The court, Michael E. Dodge, J., granted summary disposition for the defendant, holding, in effect, that the MHCA controlled and superseded the requirements of the plaintiff's zoning ordinance, which had been promulgated by the plaintiff pursuant to the Township Zoning Act (TZA), MCL 125.271 et seq. and that the failure of the plaintiff to respond to the preliminary plan within sixty days gave the defendant the right to proceed with the development of the mobile home park in accordance with the provisions of the MHCA. The plaintiff appealed.

The Court of Appeals held:

1. The trial court's granting of summary disposition for the defendant was improper. Zoning laws regulate the development and proper use of land; the MHCA does not. Because the defendant did not make a timely appeal of the zoning board's denial of his 1998

application for a special land-use permit to either the zoning board of appeals or the circuit court, that decision was final. The defendant's submission of the preliminary plan pursuant to the MHCA did not constitute an appeal of the 1998 decision within the contemplation of the TZA. The MHCA clearly provides that compliance with applicable and valid local ordinances is a prerequisite to the operation of the provisions of MCL 125.2311. Because the defendant did not have the necessary special land-use permit required by the local zoning ordinance, the failure of the plaintiff to act with respect to the preliminary plan did not act as an approval of the plan.

2. There is no need to address the defendant's assertion that even if the plaintiff was not required to respond to the preliminary plan, he, nevertheless, is the holder of a valid special land-use permit because the July 1996 revocation of the permit issued in June 1996 was ineffective. The issue was not properly presented for review, and indeed it could not properly be raised in this appeal because it would constitute an improper collateral attack on a final decision from which no proper appeal was taken.

Reversed and remanded.

ZONING — MOBILE HOME PARKS — TOWNSHIP ZONING ORDINANCES — MOBILE HOME COMMISSION ACT.

Compliance with applicable township zoning ordinances that have been properly promulgated pursuant to the Township Zoning Act is a prerequisite to the application and operation of the preliminary plan provisions of the Mobile Home Commission Act (MCL 125.271 *et seq.*; MCL 125.2311).

*Magyar & Swisher P.C.* (by *John F. Magyar*), for the plaintiff.

*David P. Taylor*, for the defendant.

Before: WILDER, P.J., and HOOD and CAVANAGH, JJ.

PER CURIAM. Plaintiff appeals as of right the trial court's order granting defendant summary disposition pursuant to MCR 2.116(C)(10) in this action involving the Mobile Home Commission Act (MHCA), in particular MCL 125.2311. We reverse and remand.

Defendant, Armando Corso, is the owner of real property situated in Silver Creek Township, Cass

County. In June 1996, a special land-use permit was issued with regard to the subject property for the purpose of allowing the development of a mobile home park. In July 1996, the special land-use permit was revoked by plaintiff after determining that it was issued in violation of a township ordinance.[1] On May 7, 1998, defendant applied for a special land-use permit, pursuant to subsection 7.07(B) of the Silver Creek Township Zoning Ordinance for the purpose of allowing the development of a mobile home park. On June 24, 1998, a public hearing was held by plaintiff's zoning board concerning defendant's application, at which time citizens' concerns and objections regarding defendant's proposed development were heard. At the conclusion of the hearing, defendant's application for a special land-use permit was denied.

In October 1998, defendant submitted a preliminary plan of development to plaintiff for review, allegedly in accordance with the provisions of the MHCA, specifically MCL 125.2311. Plaintiff did not reply to defendant's preliminary plan within sixty days as required by MCL 125.2311(5). Thereafter, plaintiff filed a complaint for declaratory judgment requesting the court to declare that defendant did not have a valid special land-use permit that allowed him to develop a mobile home park. Subsequently, motions for summary disposition were filed by both parties. In granting defendant summary disposition, the trial court held that plaintiff's failure to act within sixty days of receipt of defendant's preliminary plan caused the plan to be considered approved by default in accordance with MCL 125.2311(5).

---

[1] The ordinance that established a minimum twenty-acre size requirement, Mobile Home Park Ordinance 85-1, was revoked in April 1998.

This Court reviews de novo a trial court's grant of a motion for summary disposition. *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998). When reviewing a motion brought under MCR 2.116(C)(10), this Court reviews the documentary evidence to determine whether a party was entitled to judgment as a matter of law or whether a genuine issue of material fact exists. *Id.*

Plaintiff argues that the trial court erred in holding that it was required to respond to defendant's preliminary plan because plaintiff's zoning board had previously denied defendant's application for a special land-use permit. We agree.

The Township Zoning Act (TZA), MCL 125.271 *et seq.*, is the enabling statute that vests a township with the authority to regulate land development and use through the adoption of zoning ordinances that promote the public health, safety, and general welfare. See MCL 125.272, 125.273; *Sun Communities v Leroy Twp*, 241 Mich App 665, 669; 617 NW2d 42 (2000). In contrast, the MHCA, MCL 125.2301 *et seq.*, was designed to regulate and provide for minimum construction and safety standards with regard to mobile home businesses and parks. See MCL 125.2304; *Gackler Land Co, Inc v Yankee Springs Twp*, 427 Mich 562, 579-580; 398 NW2d 393 (1986).

In this case, defendant applied for a special land-use permit, pursuant to subsection 7.07(B), of plaintiff's zoning ordinance,[2] and was denied. Thereafter, pursuant to MCL 125.2311, in an apparent attempt to circumvent the application of the zoning ordinance

---

[2] There is no dispute that subsection 7.07(B) of the Silver Creek Township Zoning Ordinance conforms with the requirements of MCL 125.286b and 125.286d.

and the effect of the zoning board's denial of his request for a special land-use permit, defendant submitted a preliminary plan of his proposed mobile home park. After the statutory sixty days passed without response from plaintiff, defendant asserted that he had the authority to develop his mobile home park. The trial court agreed with defendant's assertion, in effect, that the provisions of the MHCA controlled over the requirements of subsection 7.07(B) of plaintiff's zoning ordinance, which had been promulgated by plaintiff pursuant to its authority under the TZA.

The trial court improperly granted defendant summary disposition for several reasons. First, as discussed earlier, zoning laws regulate the development and proper use of land; the MHCA does not. Second, the decision of the township's zoning board or zoning board of appeals regarding a zoning request is final. See MCL 125.293a; *Carleton Sportsman's Club v Exeter Twp*, 217 Mich App 195, 200; 550 NW2d 867 (1996). Consequently, after the zoning board denied defendant's application for a special land-use permit, defendant was required to timely appeal the denial to the township's zoning board of appeals or to the circuit court if the zoning ordinance did not provide for an appeal to the zoning board of appeals. MCL 125.293a; *Carleton Sportsman's Club, supra* at 200. Submitting a preliminary plan of the proposed mobile home park did not constitute an "appeal" within the contemplation of the TZA. Third, the MHCA, in particular MCL 125.2345(2), provides as follows:

This act shall not be construed to prohibit a municipality from enforcing its local ordinances or from taking any other appropriate action to protect the public health, safety, or welfare as authorized by law or its charter.

Defendant cannot evade the adverse decision of the zoning board merely by submitting a preliminary plan in accordance with the provisions of the MHCA. Compliance with applicable and valid local ordinances and, in this case, the grant of a special land-use permit, is a necessary prerequisite for MCL 125.2311 to become an operative and governing provision. See generally *Gackler Land Co, supra* at 580-581; *Engineered Housing Concepts, Inc* v *Wayne Co*, 180 Mich App 465, 467; 447 NW2d 777 (1989). It is axiomatic that one must first be permitted to develop a mobile home park before plans for the proposed mobile home park can properly be deemed approved. Accordingly, the trial court committed error requiring reversal when it granted defendant summary disposition.

Alternatively, defendant argues that, even if plaintiff was not required to respond to his preliminary plan, he is the holder of a valid special land-use permit for the purpose of developing a mobile home park because a permit was issued to him in June of 1996 and the subsequent revocation of the permit was ineffective. We decline to address this argument. First, this issue has not been properly presented for review because defendant has given cursory treatment to the issue with little or no citation to relevant supporting authority for his argument. *Wilson v Taylor*, 457 Mich 232, 243; 577 NW2d 100 (1998); *Community Nat'l Bank of Pontiac v Michigan Basic Property Ins Ass'n*, 159 Mich App 510, 520-521; 407 NW2d 31 (1987). Second, defendant's failure to appeal or otherwise contest the revocation decision in accordance with the provisions of the TZA, applicable court rules, or other prevailing law renders this issue improperly raised. See *Carleton Sportsman's Club, supra* at 200;

*Krohn v Saginaw*, 175 Mich App 193, 196-197; 437 NW2d 260 (1988).

Reversed and remanded for entry of an order granting summary disposition in favor of plaintiff. We do not retain jurisdiction.