*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

EARL L. ANSELL, JEANNE ANSELL, DELORES
HAWTHORNE, DOUGLAS G. SMITH, VIRGINIA
A. SMITH, ROBERT CHARLES VERTZ, PENNY
JEAN VERTZ, JOHN GAVRE, CRISTILYN
CURRIE, LARRY DEAN KELLEY, DEBBIE
TATROW, BRENN ALBERT KURTH,
MICHELLE KURTH, CYNTHIA SKINNER,
HARRY WHALING, and DAVID WILKOWSKI,

       Appellants,

FOR PUBLICATION
June 4, 2020
9:00 a.m.

v

DELTA COUNTY PLANNING COMMISSION,
COUNTY OF DELTA, HERITAGE
SUSTAINABLE ENERGY, LLC, and HERITAGE
GARDEN WIND FARM, LLC,

       Appellees.

No. 345993
Delta Circuit Court
LC No. 18-023775-AA

Before: STEPHENS, P.J., and SERVITTO and KRAUSE, JJ.

STEPHENS, P.J.

Appellants, residents of Delta County, appeal as of right the circuit court order dismissing appellants challenges to zoning decisions by the Delta County Planning Commission due to lack of jurisdiction. We affirm.[1]

---

[1] In deciding this appeal, we reject appellees' contention that appellants' filing of an appeal by right instead of an application by leave, and the circuit court's failure to reach the merits of appellants' appeal, deprived this Court of jurisdiction. The claim of appeal is taken from a circuit court order dismissing appellants' appeal to that court for lack of jurisdiction. MCR 7.203(A)(1)(a) generally precludes an appeal of right from a final order of a circuit court entered "on appeal from any other court or tribunal." But the appeal to the circuit court in this case involved a decision by appellee Delta County Planning Commission to grant applications for

-1-

I. BACKGROUND

This case arises from the Delta County Planning Commission's decision to grant conditional use permits to appellees Heritage Sustainable Energy and Heritage Garden Wind Farm (Heritage) for the construction of 36 wind turbines[2] on the Garden Peninsula in Delta County.

Heritage submitted applications to the appellee planning commission in October 2017. The planning commission held public hearings on the applications on December 4 and 12, 2017, January 15 and 23, 2018, and February 5, 2018. The planning commission announced its decisions in favor of Heritage on January 23 and February 5, 2018, and the conditional use permits followed.

Appellants appealed the planning commission's grant of the permit applications to the Delta County circuit court, filing notices of appeal on February 26, 2018. On September 17, 2018, an appeal hearing was held in the circuit court. Appellants argued the planning commission granted the applications in error where the applications failed to comply with multiple provisions of Delta County's Zoning Ordinance No. 76-2. Appellants further argued how specific violations related to noise, vibrations, light pollution, property values, aesthetics, and environmental concerns affected residents living in the county. Heritage argued that appellants lacked standing to challenge the planning commission's decision and therefore, could not invoke the circuit court's appellate jurisdiction, because appellants were not "aggrieved parties" under the Michigan Constitution and court rules. Appellants responded that they were not required to prove they were aggrieved parties where their appeal was from a decision of the planning commission and not the Zoning Board of Appeals. They argued that even if the standing requirement had applied, they had an interest in the litigation and would suffer an adverse impact from the planning commission's decision.

The circuit court agreed with Heritage that it lacked jurisdiction to hear the appeal because appellants lacked standing. It found that case law concerning an appeal from a township board where no appeal to the zoning board of appeals existed, and the appellate court rules, both explicitly limited the exercise of appellate jurisdiction to aggrieved parties. The court determined that appellants had not established that they were aggrieved parties because they had not shown special damages or a unique harm uncommon to all other property owners. The circuit court

conditional use permits for construction of windmills. Accordingly, the appeal to the circuit court was not taken from a court or tribunal because the planning commission is not a court and did not act as a tribunal in issuing the permits in question. See *Natural Resources Defense Council v Dep't of Environmental Quality*, 300 Mich App 79, 86-87; 832 NW2d 288 (2013) (holding that MCR 7.203(A)(1)(a) did not apply where Department of Environmental Quality did not act as a "tribunal" in issuing permits because the Department did not act in a judicial or quasi-judicial capacity). Further, the order appealed from is a final order under MCR 7.202(6)(a)(*i*) because it disposed of all claims at the circuit court level by dismissing the appeal. Finally, the claim of appeal was timely filed within 21 days after entry of the circuit court order appealed from. MCR 7.204(A)(1)(a). As to appellees' indications that appellants are arguing for relief beyond what would be appropriate in the posture of this appeal, those arguments go to the proper disposition of the merits of the appeal, not to whether this Court has jurisdiction over this appeal.

[2] Heritage advises that one of those "36 individual special use permits . . . has been abandoned".

dismissed the appeal in its entirety without reaching the merits of appellants' claims regarding the planning commission's grant of Heritage's permit applications. This appeal followed.

## II. STANDARD OF REVIEW

Zoning decisions are appealable by right to the circuit court. MCL 125.3605; *Carleton Sportsman's Club v Exeter Twp*, 217 Mich App 195, 200; 550 NW2d 867 (1996). This Court in turn reviews the circuit court's decision de novo, "because the interpretation of the pertinent law and its application to the facts at hand present questions of law." *Hughes v Almena Twp*, 284 Mich App 50, 60; 771 NW2d 453 (2009). See also *Risko v Grand Haven Charter Twp Zoning Bd of Appeals*, 284 Mich App 453, 458-459; 773 NW2d 730 (2009). This includes the circuit court's decision regarding whether its appellate jurisdiction has been properly invoked. See *Olsen v Chikaming Twp*, 325 Mich App 170, 180-181; 924 NW2d 889 (2018).

## III. ANALYSIS

The circuit court held that the "aggrieved party" standard, applicable to appeals of decisions of the zoning board of appeals under MCL 125.3605, applied as well to appeals of zoning decisions where there was no provision for review by a zoning board of appeals. Whether the same standard applies is an issue of first impression for this Court. We hold that the circuit court correctly concluded that appellants were obliged to show themselves to be parties aggrieved by the zoning decisions below, in order to invoke judicial review in the circuit court.

Under the Michigan Zoning Enabling Act (ZEA), MCL 125.3101 *et seq.*, "[a] local unit of government may provide by zoning ordinance for the regulation of land development and the establishment of 1 or more districts within its zoning jurisdiction which regulate the use of land and structures to meet the needs of the state's citizens . . . ." MCL 125.3201(1). "A request for approval of a land use or activity shall be approved if the request is in compliance with the standards stated in the zoning ordinance, the conditions imposed under the zoning ordinance, other applicable ordinances, and state and federal statutes." MCL 125.3504(3). "A party aggrieved by the decision [of the zoning board of appeals] may appeal to the circuit court for the county in which the property is located as provided under [MCL 125.3606]." MCL 125.3605. The circuit court is then obliged to ensure that the decision at issue comports with applicable law, follows from proper procedure, is supported by competent, material, and substantial evidence on the record, and constitutes a reasonable exercise of discretion. MCL 125.3606(1).

Under the Michigan Court Rules, "[t]he circuit court has jurisdiction of an appeal of right filed by an aggrieved party from . . . a final order or decision of an agency from which an appeal of right to the circuit court is provided by law." MCR 7.103(A)(3). MCR 7.122 "governs appeals to the circuit court from a determination under a zoning ordinance by any officer, agency, board, commission, or zoning board of appeals, and by any legislative body of a city, village, township, or county authorized to enact zoning ordinances." MCR 7.122(A)(1). "[T]he party aggrieved by the determination shall be designated the appellant." MCR 7.122(C)(1)(a). "In an appeal from a final determination under a zoning ordinance where no right of appeal to a zoning board of appeals exists, the court shall determine whether the decision was authorized by law and the findings were supported by competent, material, and substantial evidence on the whole record." MCR

7.122(G)(2). MCR 7.122(G)(2) substantially mirrors MCL 125.3606(1), *supra*, and Const 1963, art 6, § 28, which provides in pertinent part:

> All final decisions, findings, rulings and orders of any administrative officer or agency existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights or licenses, shall be subject to direct review by the courts as provided by law. This review shall include, as a minimum, the determination whether such final decisions, findings, rulings and orders are authorized by law; and, in cases in which a hearing is required, whether the same are supported by competent, material and substantial evidence on the whole record. . . .

In *Carleton Sportsman's Club*, this Court held, "where a township zoning ordinance does not provide for review of a request for special land-use permit by a zoning board of appeals, the township board's decision is final and subject to appellate review by the circuit court pursuant to Const 1963, art 6, § 28." 217 Mich App at 200.

A plain reading of provisions of the ZEA, our court rules, and caselaw support the conclusion that only an aggrieved party may appeal the final determination under a zoning ordinance. "Municipalities have no inherent power to regulate land use through zoning." *Olsen*, 325 Mich App at 179. The Legislature granted local units of government this authority through enactment of the ZEA. *Id*. The ZEA provides for the creation of a zoning commission in each municipality, but also allows for the continuation of the exercise of powers by township zoning boards and planning commissions established before the act went into effect. The creation of a planning commission under the act did not also create a requirement for the establishment of a zoning board of appeals. *Nicholas v Charter Tp of Watertown*, 43 Mich App 510, 512; 204 NW2d 365 (1972); MCL 125.3601. Appellants have not provided any persuasive authority explaining why an appeal from a determination under a zoning ordinance from a township board should not be subject to the ZEA requirement that only an "aggrieved" party has standing to appeal. Both appeals from a township board and municipal zoning commission planning board are entitled to the same review. See MCR 7.122(G)(2), MCL 125.3606(1), and Const 1963, art 6, § 28.

Appellants' reliance on *Brown v East Lansing Zoning Bd of Appeals*, 109 Mich App 688, 699; 311 NW2d 828 (1981), for a different standard for determination of standing to appeal and jurisdiction to hear an appeal is unavailing. The statute interpreted in that case, MCL 125.585(6), has since been repealed.[3] In its place, the Legislature enacted MCL 125.3605, which adopted the "aggrieved person" threshold. An appeal from the township board was defined by *Carleton Sportsman's Club* as a final decision subject to appellate review by the circuit court. 217 Mich App at 200. MCR 7.103(A)(3) provides that the circuit court's jurisdiction over appeals of final decisions by right is limited to those filed by an aggrieved party. *Carleton*'s language is clear that to invoke the circuit court's jurisdiction, appellants must have been aggrieved parties.

To have the status of "aggrieved party" for purposes of obtaining the circuit court's appellate review of a decision under a zoning ordinance, "a party must allege and prove that he or she has suffered some special damages not common to other property owners similarly situated."

---

[3] See 2006 PA 110, § 702, effective July 1, 2006.

-4-

*Olsen*, 325 Mich App at 185 (quotation marks and citation omitted). "Incidental inconveniences such as increased traffic congestion, general aesthetic and economic losses, population increases, or common environmental changes are insufficient to show that a party is aggrieved. Instead, there must be a unique harm, dissimilar from the effect that other similarly situated property owners may experience." *Id*. (Internal citation omitted).

The circuit court held that appellants lacked standing to challenge the planning commission's decision to grant Heritage's permit applications where they failed to establish having suffered special damages or a unique harm not common to other property owners similarly situated. We acknowledge that *Olsen* distinguished between being aggrieved for purposes of appeal and having standing to litigate in the first instance. However, *Olsen* noted that, "[i]n either situation, a party must establish that they have special damages different from those of others within the community." *Olsen*, 325 Mich App at 193, citing *Lansing Sch Ed Ass'n v Lansing Bd of Ed*, 487 Mich 349, 372; 792 NW2d 686 (2010). In challenging the circuit court's conclusions, appellants here point to their participation in the proceedings below, and their raising concerns over how the proposed wind turbines would impact the environment, public health, property values, and the general aesthetic character of the area. Such concerns, however, do not show that appellants stand to suffer any greater negative impacts from the proposals than do their neighbors or others in the community. Heritage's site map, whose accuracy is not in dispute, illustrates the locations of the proposed wind turbines along with the residences of the various appellants. The map does not bring to light any special proximity of appellants to the proposed turbines, but instead suggests that appellants happen to be residents scattered about the community whose objections to the challenged zoning permits are more apparently driven by concerns of a general nature than by expected consequences of operation of the turbines peculiar to themselves.

Appellants also expressed concerns over the noise and "shadow flicker" that the turbines should be expected to produce. Appellants assert that the proposed turbines are to be located close enough to their residences that the noise and flicker the turbines generate will exceed what is allowed under the applicable ordinance provisions, and thus constitute "special damages" that arise to individual claims for recovery under private nuisance law. A violation of a zoning ordinance constitutes a public nuisance, and thus itself "gives no right of action to an individual and must be abated by the appropriate public officer." *Towne v Harr*, 185 Mich App 230, 232; 460 NW2d 596 (1990). However, a private individual who can "show damages of a special character distinct and different from the injury suffered by the public generally" may bring an action to abate a public nuisance arising from the violation of a zoning ordinance. *Id.* Appellants in this case fail to specify who amongst them will clearly experience such noise or flicker above ordinance levels in connection with a particular proposed turbine. Accordingly, appellants also fail to distinguish themselves in this regard from the unsuccessful appellants in *Olsen* who were "asserting only the complaints of anticipated inconvenience and aesthetic disappointment that any member of the community might assert." *Olsen*, 325 Mich App at 193. See also *id.* at 181, quoting *Federated Ins Co v Oakland Co Rd Comm*, 475 Mich 286, 291; 715 NW2d 846 (2006) (" 'one must have some interest of a pecuniary nature in the outcome of the case, and not a mere possibility arising from some unknown and future contingency.' ").

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Deborah A. Servitto
/s/ Amy Ronayne Krause