*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LEONI WELLNESS, LLC,

        Plaintiff-Appellant,

v

EASTON TOWNSHIP,

        Defendant-Appellee.

UNPUBLISHED
November 10, 2022

No. 358818
Ionia Circuit Court
LC No. 2021-034866-CZ

Before: SAWYER, P.J., and MARKEY and SWARTZLE, JJ.

PER CURIAM.

Plaintiff applied, under defendant's Ordinance 44, to be the sole business selling marijuana within defendant's boundary. BBSM, LLC, was the only other business that applied. Defendant's board unanimously scored BBSM as a more qualified candidate than plaintiff, and the board awarded the sole license to sell marijuana within defendant's boundary to BBSM. Plaintiff sued, alleging that defendant's award to BBSM was improper. The trial court granted defendant summary disposition. We affirm.

## I. BACKGROUND

Under the Michigan Regulation and Taxation of Marihuana Act, the "Marijuana Act," MCL 333.27951 *et seq*., no person may sell marijuana to the general public without first obtaining a license to conduct business as a marijuana retailer. Municipalities retained the right to "completely prohibit or limit the number" of marijuana establishments—including the number of marijuana retailers—that could operate within its boundaries. See MCL 333.27956(1). If a municipality elected to limit the number of marijuana establishments that may be licensed within its boundaries, the municipality had the obligation to "decide among competing applications by a competitive process intended to select applicants who are best suited to operate in compliance with this act within the municipality." MCL 333.27959(4).

Defendant's Ordinance 44 limited the number of marijuana retailers within its boundary to one, and it required defendant's board to score three categories of information when deciding between competing applications: the background of the applicant, human resources, and area impact. The board could assign as many as 20 points to the first and last categories, and could

-1-

assign up to 10 points for the human-resources category, for a total of 50 points. The "background of the applicant" assessment included the applicant's residency in the Township, in the county, and in the state. The board then had to, "based on the resulting scores, select applicants who are best suited to operate in compliance with the [Marijuana Act] in the Township." If there was a tie, the board had the discretion to "select the applicant who, based on the totality of the circumstances, the Township [found was] best suited to operate in compliance with the [Marijuana Act.]" Ordinance 44, § 4(e)(2).

Defendant's board first held a meeting that indicated that plaintiff and BBSM had both been scored 50 points on their applications, and it voted to approve BBSM's application because it was operated by locals who had been there for "40+ years." After plaintiff argued that the decision was improper, the board called a special meeting on April 20, 2021, in which it unanimously rescinded the license it awarded to BBSM because only defendant's board's supervisor had scored the applications.

Each member of the board then rescored the applicants, and the board determined that BBSM had a higher score than plaintiff. Plaintiff's score was reduced because it no longer met the requirements for a medical-marijuana license and because its proposed building location had "poor visibility for drivers." The board then voted to authorize BBSM as the applicant with the highest score.

Plaintiff brought suit against defendant, alleging that defendant's Ordinance 44 violated the Marijuana Act, the board violated the due process and equal protection clauses of the Michigan Constitution, and that defendant violated the Open Meetings Act, MCL 15.261 *et seq*. The trial court granted defendant summary disposition under MCR 2.116 (C)(4), (7), and (8).

Plaintiff now appeals.

## II. ANALYSIS

"We review de novo a trial court's decision to grant or deny a motion for summary disposition." *Sherman v City of St Joseph*, 332 Mich App 626, 632; 957 NW2d 838 (2020) (citations omitted). This Court also reviews de novo questions regarding jurisdiction raised under MCR 2.116(C)(4). *Meisner Law Group, PC v Weston Downs Condo Ass'n*, 321 Mich App 702, 713-714; 909 NW2d 890 (2017). "Summary disposition for lack of jurisdiction under MCR 2.116(C)(4) is proper when a plaintiff has failed to exhaust its administrative remedies." *Braun v Ann Arbor Charter Twp*, 262 Mich App 154, 157; 683 NW2d 755 (2004).

In reviewing a trial court's decision under MCR 2.116(C)(7), we consider the record evidence to determine whether the defendant is entitled to immunity. *Poppen v Tovey*, 256 Mich App 351, 353-354; 664 NW2d 269 (2003). In contrast, "[a] motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of a claim by the pleadings alone." *Smith v Stolberg*, 231 Mich App 256, 258; 586 NW2d 103 (1998) (citation omitted).

Finally, if matters are considered outside of the pleadings, a court may review a challenge to the merits under MCR 2.116(C)(10). When deciding a motion for summary disposition under MCR 2.116(C)(10), we consider the evidence submitted in a light most favorable to the nonmoving party. *Payne v Payne*, 338 Mich App 265, 274; 979 NW2d 706 (2021). "Summary disposition is

appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Sherman*, 332 Mich App at 632.

## A. PREEMPTION AND CONFLICT

Plaintiff first argues that the trial court erred when it granted defendant's motion to dismiss plaintiff's claim that Ordinance 44 was preempted by, or otherwise in conflict with, the Marijuana Act.

Municipalities may regulate matters of local concern unless state law preempts local regulation expressly or by implication. See *DeRuiter v Byron Twp*, 505 Mich 130, 140; 949 NW2d 91 (2020). The state impliedly preempts local regulation when it has occupied the entire field of regulation in a certain area. *Id*. The state directly preempts local regulation when an ordinance prohibits what the state law allows or allows what the state law prohibits. *Id*.

Because the electorate adopted the Marijuana Act with provisions that specifically allow municipalities to adopt regulatory ordinances and take actions consistent with the Marijuana Act, this Court cannot conclude that the Marijuana Act occupied the entire field of regulation. See *Gmoser's Septic Serv, LLC v East Bay Charter Twp*, 299 Mich App 504, 515; 831 NW2d 881 (2013) ("[W]hen the Legislature unambiguously states its intent to permit local regulations within certain parameters, we must enforce that intent.").

Furthermore, Ordinance 44 does not conflict with the Marijuana Act. MCL 333.27959(4) requires municipalities to establish a competitive process to determine between competing applications. Ordinance 44 provides that if there are more applications for a given establishment type than are permitted under the ordinance, then the Township is required to "decide among competing applications by a competitive process intended to select applicants who are best suited to operate in compliance with the [Marijuana Act] in the Township" according to three different categories of scoring criteria. Ordinance 44, § 4(e)(1). The Township must score the criteria and "select [the] applicants who are best suited to operate in compliance with the [Marijuana Act] in the Township" on the basis of the "resulting scores." Ordinance 44, § 4(e)(2). "In the event of a tie score, the Township Board shall select the applicant who, based on the totality of the circumstances, the Township finds is best suited to operate in compliance with the [Marijuana Act.]" Ordinance 44, § 4(e)(2).

Thus, Ordinance 44 requires that the board use a competitive process for selecting among applicants with the objective that the candidate who is best suited to comply with the Marijuana Act in the Township be selected. This is fully consistent with MCL 333.27959(4).

Plaintiff's argument, that Ordinance 44 conflicts with the Marijuana Act because the Marijuana Act does not specify how to resolve a tie, is misplaced. Ordinance 44 instructs that a tie should be broken by the board by examining the totality of the circumstances and selecting the applicant that the board believes is best suited to operate in compliance with the Marijuana Act. Nothing in the Marijuana Act precludes a board from resolving a tie in this way. To the contrary, the tie-breaking provision is consistent with the requirements stated under MCL 333.27959(4).

Notwithstanding that Ordinance 44 mirrors the language from MCL 333.27959(4), plaintiff lastly suggests that Ordinance 44 conflicts with the statute because the ordinance does not

adequately state the relevant criteria and is not limited to criteria relevant to the requirements stated in the Marijuana Act. That provision does not, however, impose substantive requirements on the competitive process selected by a municipality for deciding which of competing applicants will be authorized in the municipality.

Therefore, there is no conflict and the trial court did not err when it granted summary disposition to defendant on this ground.

## B. SUBJECT-MATTER JURISDICTION

Plaintiff next argues that the trial court erred when it dismissed plaintiff's claims under MCR 2.116(C)(4). The trial court found that it did not have subject-matter jurisdiction to consider plaintiff's claims regarding violations of due process and equal protection, declaratory relief for defendant enacting Ordinance 44, and declaratory relief for inappropriately rescoring the applications.

"[T]he circuit court is presumed to have subject-matter jurisdiction over a civil action unless Michigan's Constitution or a statute expressly prohibits it from exercising jurisdiction or gives to another court exclusive jurisdiction over the subject matter of the suit." *Teran v Rittley*, 313 Mich App 197, 206; 882 NW2d 181 (2015).

Whether the trial court properly dismissed plaintiff's claim for declaratory relief depended on the underlying theory supporting that claim. See *Cary Investments, LLC v Mount Pleasant*, ___ Mich App ___; ___ NW2d ___ (2022) (Docket Nos. 356707 and 357862), slip op at 4 (stating that a claim for declaratory relief must be predicated on a viable legal theory). Plaintiff's argument that defendant's board erroneously scored the criteria under Ordinance 44 on the basis of the evidence before it was subject to an administrative appeal. See *id*.; see also *Krohn v Saginaw*, 175 Mich App 193; 437 NW2d 260 (1988). Plaintiff did not request an administrative appeal within the required time limit, and, thus, the trial court correctly determined that it did not have jurisdiction to consider that claim. See *Carleton Sportsman's Club v Exeter Twp*, 217 Mich App 195, 200-201; 550 NW2d 867 (1996) (holding that, when a board's decision does not include a right or review by ordinance, the aggrieved party has a right to review in the circuit court under Const 1963, art 6, § 28); MCR 7.104(A)(1) (stating that the time limit for an administrative appeal is jurisdictional and providing that an appeal must be filed within 21 days after entry of the decision).

Regarding plaintiff's claim for declaratory relief on the grounds that defendant violated the Marijuana Act by enacting Ordinance 44, the trial court did have subject-matter jurisdiction. As discussed earlier, however, the trial court properly dismissed plaintiff's claim that Ordinance 44 was preempted by the Marijuana Act. Thus, plaintiff's claim for declaratory relief, premised on the argument that Ordinance 44 was improperly enacted by defendant, is without merit because it was not predicated on a viable legal theory. "A trial court's ruling may be upheld on appeal where the right result issued, albeit for the wrong reason." *Gleason v Dep't of Transp*, 256 Mich App, 1, 3; 662 NW2d 822 (2003)

The trial court also dismissed plaintiff's claim that defendant's decision was in violation of due process and equal protection. As this Court discussed in *Cary Investments, LLC*, ___ Mich

-4-

App ___; slip op at 3, "when due-process claims simply raise issues relative to the decision of a local body such as the selection committee and the procedures employed by such a committee in reaching that decision, they do not establish separate causes of action, so they must be presented as an appeal." (cleaned up). "But an administrative body cannot rule on constitutional claims, so plaintiff's due-process claims that could not be raised before the selection committee may be presented to the circuit court in the first instance." *Id*. (cleaned up). "Therefore, to the extent that plaintiff's due-process claims do more than challenge the procedures employed by the selection committee and its ultimate decision, we cannot uphold the trial court's award of summary disposition for defendant under MCR 2.116(C)(4)." *Id*. (cleaned up).

The same is true in this case. Plaintiff alleged constitutional violations of due-process and equal protection. Defendant had no authority to rule on those violations, so those claims were not subject to an administrative appeal. See *id*. Rather, those claims had to be brought as independent claims in the circuit court. Therefore, the trial court erred in dismissing these claims under MCR 2.116(C)(4).

## C. CONSTITUTIONAL CLAIMS

Even though the trial court erred in granting defendant summary disposition under MCR 2.116(C)(4) regarding plaintiff's constitutional claims, the trial court nevertheless reached the correct decision.

This Court recently explained that a party asserting a claim for a due-process violation must identify a protected property interest in order to sustain its claim:

> The touchstone of due process involves the protection of the individual against arbitrary government action. Due process includes both a substantive component and a procedural component; the substantive component protects against the arbitrary exercise of governmental power, whereas the procedural component is fittingly aimed at ensuring constitutionally sufficient procedures for the protection of life, liberty, and property interests. The initial inquiry for both components is to identify the interest allegedly infringed to determine whether it falls within the definition of life, liberty, or property. If the interest at issue does not involve a life, liberty, or property interest, then the Due Process Clause affords no protection and the claim must fail. [*Pinebrook Warren, LLC v City of Warren*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket Nos. 355989, 355994, 355995, 356005, 356011, 356017, 356023, 359269, and 359285), slip op at 10 (cleaned up).]

This Court further held that a first-time applicant for a license to operate a marijuana establishment generally has no property interest in the application process that is protected by due process. See *id*.; slip op at 10; *Cary Investments*, ___ Mich App at ___; slip op at 5. If a plaintiff has not demonstrated that he or she has a property interest, this Court's review is limited to determining whether the government's decision was arbitrary or capricious. See *Pinebrook Warren*, ___ Mich App at ___; slip op at 10; *Cary Investments*, ___ Mich App at ___; slip op at 5. Defendant's decision to award the license to BBSM was not arbitrary or capricious because the

record showed that defendant's board followed the procedures set out in the Marijuana Act and Ordinance 44. See *Pinebrook Warren*, ___ Mich App at ___; slip op at 11.

Further, "[a]s this Court has noted, substantive due process does not protect persons from every governmental action that infringes liberty or damages property." *Id*.; slip op at 12 (cleaned up). "Rather, the plaintiff must allege facts that—if true—would show that the actor used governmental power to oppress or acted so irrationally that its conduct lacked any legitimate state interest; the key consideration is that the conduct shocks the conscience." *Id*. "Picking winners and losers, although it might seem unfair, does not amount to irrational conduct or oppression; and does not shock the conscience." *Id*. Consequently, the trial court did not err when it dismissed plaintiff's due-process claims for failure to state a claim upon which relief could be granted. See *id*. at ___; slip op at 11-13.

The trial court also did not err when it dismissed plaintiff's claim regarding equal protection. Plaintiff argued that defendant's decision was premised on plaintiff's residency as compared to BBSM's residency. Our Supreme Court has held that a municipality violates equal protection when it prefers residents over nonresidents, and the distinction does not rest on any reasonable basis, but is essentially arbitrary. See *Cook Coffee Co v Flushing*, 267 Mich 131, 134-136; 255 NW 177 (1934).

Even though defendant's board's original determination was premised on the residency of each applicant, when defendant's board rescored both applicants it explicitly stated that it did not consider residency as a factor. "Where the proponent of an equal protection argument is not a member of a protected class, or does not allege violation of a fundamental right, the equal protection claim is reviewed using the rational basis test." *Houdek v Centreville Twp*, 276 Mich App 568, 585-586; 741 NW2d 587 (2007). "Under rational-basis review, courts will uphold legislation as long as that legislation is rationally related to a legitimate government purpose." *Harvey v State, Dep't of Mgt and Budget, Bureau of Retirement Servs*, 469 Mich 1, 7; 664 NW2d 767 (2003). "The party asserting an equal-protection violation must show that the policy is arbitrary and wholly unrelated in a rational way to the objective of the policy." *Ass'n of Home Help Care Agencies v Dep't of Health and Human Servs*, 334 Mich App 674, 693; 965 NW2d 707 (2020) (cleaned up).

The other factors considered by defendant's board, including plaintiff's lapsed medical-marijuana license and the proposed location for plaintiff's proposed business, were rationally related to the legitimate-government purpose of effectuating the Marijuana Act.

Additionally, plaintiff's further contention that Ordinance 44 is unconstitutional because it includes a required residency provision is without merit. Even when courts determine that a law violates the Michigan Constitution, courts will give effect to the remaining portions of the law whenever possible by severing the offending portion. See *League of Women Voters of Mich v Secretary of State*, ___ Mich App ___, ___; ___ NW2d ___ (2021) (Docket Nos. 357984 and 357986); slip op at 17. In this case, defendant's board preemptively took such action and, in effect, severed the offending provision by giving both applicants the maximum possible score for residency. The board's decision to give no effect to the residency requirement removed any equal-protection concern.

# D. IMPROPER APPLICATION OF SUMMARY DISPOSITION

Lastly, plaintiff argues that the trial court erred when it considered the audio recording of the meeting that defendant's board held on April 20, 2021, because the audio recording did not implicate the grounds that defendant asserted for dismissing any claims under MCR 2.116(C)(4) or (C)(7), and the recording could not be considered when determining whether to dismiss under MCR 2.116(C)(8). Plaintiff specifically argued that the trial court's grant of summary disposition, regarding its claim that defendant had violated the Open Meetings Act, was made under the wrong subpart when considering defendant's argument concerning the mootness of plaintiff's claims.

"If summary disposition is granted under one subpart of the court rule when judgment is appropriate under another subpart, the defect is not fatal." *Ellsworth v Highland Lakes Dev Assoc*, 198 Mich App 55, 57; 498 NW2d 5 (1993). "The mislabeling of a motion does not preclude review where the lower court record otherwise permits it." *Id*. Our Supreme Court has stated that, when a trial court considers information beyond the pleadings, appellate courts should treat the motion as having been made under MCR 2.116(C)(10). See *Innovation Ventures v Liquid Mfg*, 499 Mich 491, 506-507; 885 NW2d 861 (2016).

Michigan courts generally do not decide "moot questions or declare legal principles that can have no legal effect in the case." *Pinebrook Warren, LLC*, ___ Mich App ___; slip op at 9. "A decision is moot when an event has occurred that makes it impossible for the court to grant any relief on the claim, or when judgment cannot have any practical legal effect on the existing controversy." *Id*.

Defendant's board rescinded its April 6, 2021 decision, and it then held the April 20, 2021 meeting to rescore both applicants. This made moot each of plaintiff's claims because plaintiff premised its claims on misconduct that it alleged occurred at or before the meeting held on April 6, 2021. Additionally, under the Open Meetings Act, a public body has the right to reenact a disputed decision and, if reenacted in conformity with Open Meetings Act, the reenacted decision cannot be invalidated "by reason of a deficiency in the procedure used for its initial enactment." MCL 15.270(5).

Because the board rescinded the authorization that it made at the meeting held on April 6, 2021, the trial court could no longer consider any deficiency in the decision from the April 6, 2021 meeting when deciding whether the decision made on April 20, 2021, should be invalidated. See MCL 15.270(5). Accordingly, plaintiff's claim for any violation of the Open Meetings Act premised on the board's decision to authorize BBSM at the April 6, 2021, meeting was moot. See *Pinebrook Warren*, ___ Mich App at ___; slip op at 9.

Lastly, plaintiff argues that it should have been provided with the opportunity to amend its complaint to include allegations about the meeting held on April 20, 2021, or otherwise amend its complaint in response to the grant of summary disposition. If a trial court grants a motion to dismiss under MCR 2.116(C)(8), (9), or (10), the court must "give the parties an opportunity to amend their pleadings as provided by MCR 2.118, unless the evidence then before the court shows that amendment would not be justified." MCR 2.116(I)(5).

The record showed that the board properly noticed its meeting of April 20, 2021, and held the meeting open to the public in accord with the Open Meetings Act. It also conducted all of its deliberations about the proper manner for proceeding and scoring of the applications on the open record. Plaintiff asserts that it might find evidence that the board rescored the criteria with the intent to lower plaintiff's score, but it does not explain how that would negate the fact that the board rescored the criteria in open debate at a properly noticed meeting that was held open to the public. The record demonstrates that there was no basis on which plaintiff could allege that the board violated the Open Meetings Act through its conduct of the meeting held on April 20, 2021.

Similarly, plaintiff is not entitled to amend its complaint because it has no property interest in which to allege a violation of due process; the board effectively removed any potential equal-protection violation; and Ordinance 44 does not conflict with the Marijuana Act that purposefully and explicitly provides defendant the authority to enact Ordinance 44. Simply put, an amendment of plaintiff's current claims is not justified and the trial court did not err in not allowing plaintiff the opportunity to amend its complaint.

## III. CONCLUSION

Plaintiff has not identified any reversible error in the trial court's decision to grant defendant's motion for summary disposition. Accordingly, we affirm.

Affirmed. As the prevailing party, defendant may tax its costs. MCR 7.219(A).

/s/ David H. Sawyer
/s/ Jane E. Markey
/s/ Brock A. Swartzle

-8-